SHIRLEY D. ERPELDING, APPELLANT, V. BERNARD F. ERPELDING, APPELLEE.

125 N. W. 2d 688

Filed January 10, 1964. No. 35551.

John McArthur, for appellant.

No appearance for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, BOS-LAUGH, and BROWER, JJ., and ZEILINGER, District Judge.

CARTER, J.

This is a proceeding in a divorce action to determine the validity of an order modifying a child support decree entered against Bernard F. Erpelding. Shirley D. Erpelding, the divorced wife of Bernard F. Erpelding, brings the case to this court for review.

We shall hereafter designate Bernard F. Erpelding as Bernard, Shirley D. Erpelding, the first wife, as Shirley, and Josephine Erpelding, the second wife, as Josephine.

The evidence shows that on May 17, 1956, Shirley obtained a divorce from Bernard. The temporary custody of the six minor children was placed with St. Thomas Orphanage at Lincoln, Nebraska, at the expense of Bernard. On March 5, 1959, after notice and hearing, Shirley was given the custody of the six minor children and the question of child support was reserved. On October 30, 1959, after notice and hearing, Bernard was ordered to pay $100 per month for 2 months and $125 per month thereafter for the support of the children. On July 5, 1962, after notice and hearing, and the consent of the parties, it was ordered by the court that the proceeds of Bernard's interest in certain real estate inherited from his father, Lawrence Erpelding, then being partitioned and sold, be paid into court for application to the accrued and accruing child support payments in the divorce case between Shirley and Bernard. On January 29, 1963, the court entered an additional order finding that there are now four children to be supported and under the evidence in the hearing in the decree of July 5, 1962, fixed the support payments for the four minor children at $31.25 per child until each child becomes 18 years of age or is sooner emancipated. By the same order of January 29, 1963, the court found the amount of money impounded to be $17,249.73 and di-

rected that $4,825 thereof be paid to Shirley for the accrued and unpaid support payments. The court also directed that $500 of said impounded fund be paid to Bernard, free from the lien of any judgments. The court further directed the payment from the impounded fund of $31.25 per child per month for 1 year to Shirley and Josephine for the support of their respective children, each then having four children by Bernard. The court then ordered the balance of the impounded fund to be placed with the Guaranty Trust Company as trustee for investment. A motion for a new trial was duly filed to this order by Shirley. The motion for a new trial was overruled on May 11, 1963. It is from this order that Shirley has appealed.

The evidence shows that Bernard married Josephine on February 2, 1957, and has four children by this marriage. The statement of the court dictated into the record on January 29, 1963, indicates that Josephine and Bernard had a divorce suit pending and that a temporary child support order had been entered directing Bernard to pay $31.25 per month for each of the four children born to Bernard and Josephine. These amounts were ordered paid from the impounded fund.

Bernard had made no payments for child support. No issue is raised as to the impounding of the $17,249.73. No question is raised as to the allowance of $4,825 to Shirley from the fund. We assume, since the record does not show, that this is the sum of the support payments that had accrued and vested, and become final. The court directed the payment of $500 free from any judgment liens. The balance of the impounded fund was held for distribution by subsequent order of the court and is not involved in this litigation.

The primary question raised by this appeal is whether or not the decree of January 29, 1963, is valid. The record shows that on October 30, 1959, the trial court entered an order, after notice and hearing, fixing the child support money to be paid to Shirley at $100 per

month for 2 months and $125 per month until the children become self-supporting or reach the age of 21 years. The court reserved for future determination the liability for medical expenses for one of the children on application and notice. No appeal was taken from this decree and it became final.

On March 5, 1962, the application of Shirley was filed to require Bernard to furnish security for the payment of accruing child support payments and for the appointment of a receiver to take possession of Bernard's property, which included a one-sixth interest in land owned by his deceased father. The parties stipulated in open court that none of the child support money had been paid and that Bernard's interest in his deceased father's land then in partition should be paid into court to be applied to the payment of accrued and future child support allowances. It was ordered also that if the parties failed to agree on any details as to future payments, either party could apply to the court and, after notice and hearing, a disposition would be made. No appeal was taken from this order and it has become final.

On January 29, 1963, the court entered the order from which this appeal is taken. The order appears to have been entered in two separate cases, Shirley D. Erpelding v. Bernard F. Erpelding, the divorce case, and Marjorie Detter v. Shirley Erpelding, the partition action. It is the contention of Shirley in the present case that no hearing was held nor notice given of any hearing, in the case before us, on January 29, 1963, and that the court was without authority to make the order. A bill of exceptions was filed which contains the evidence taken at the hearing held on July 2, 1962, but contains no evidence taken on January 29, 1963. The bill of exceptions does contain a statement by the court on January 29, 1963, making findings which are incorporated in the order appealed from. The court reporter certified that the bill of exceptions contained all the evidence given, both oral and documentary, upon the trial of this

cause. The formal journal entry recites that the matter came on for hearing upon the application for modification of support provisions by Shirley and upon the petition of intervention filed by Josephine in the partition suit. It shows that Shirley appeared by her attorney, John McArthur. The order then found that the number of children had been reduced to four and fixed the support payments at $31.25 per month per child and reduced the period of payment from the time each child reaches 21 years to the time each child reaches the age of 18 years. In the same order the court fixed similar temporary child support payments for the children of Josephine to be paid from the impounded fund for one year "under the temporary support order issued by this court." It is evident that the order was intended to apply in two different pending cases, if not three. The mingling of orders in more than one case in the same journal entry, when the cases have not been properly consolidated, is most confusing and is a practice that is not to be condoned. On June 6, 1963, the court filed a journal entry denominated "Explanation of Order" in which it is stated that the order heretofore made provided for the payment to Shirley of child support during the pendency of appeal and is not to be considered as an acceptance of benefits of the decree. The appeal was perfected on May 23, 1963.

With reference to the decree entered on January 29, 1963, the evidence does not indicate that either of the parties had applied for a modification of the existing child support judgment. There was no pleading before the court on which to base any such modification. The court's reference to evidence and appearances could relate only to the application of Shirley which was finally disposed of by the order of July 5, 1962. The court's statement that evidence was adduced is made in a decree purporting to apply to both the divorce and partition suits. The bill of exceptions contains no evidence relating to a modification of the child support

order, although it does contain findings of the court under date of January 29, 1963. We can reach but one conclusion from the record before us, that is, that the hearing on January 29, 1963, was in the partition action and not in the divorce suit before us.

It is true that a district court has the power to modify a divorce decree so far as it concerns the care, custody, and maintenance of children on its own motion as provided by section 42-312, R. R. S. 1943. Proceedings to modify a divorce decree with regards to the care, custody, and maintenance of minor children are special statutory proceedings and in such cases jurisdiction must be proved or affirmatively shown on the record. The court, however, has no authority or jurisdiction to modify such a decree without notice to the parties and an opportunity given them to be heard. Morehouse v. Morehouse, 159 Neb. 255, 66 N. W. 2d 579.

We conclude that the trial court was without authority to enter the decree of January 29, 1963, for failure to give notice and afford a hearing to the parties in the case in which the modification of the child support judgment could properly have been heard and determined. The order of January 29, 1963, is vacated and set aside.

REVERSED AND REMANDED.

SPENCER, J., participating on briefs.