Donald O. Lyons, appellant, v. Julius Wagner, appellee.

174 N. W. 2d 730

Filed February 20, 1970. No. 37367.

Monen, Seidler & Ryan, Thomas E. Whitmore, Thomas E. Brogan, and Elmer C. Rakow, for appellant.

Jewell, Otte & Pollock, for appellee.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, McCown, and Newton, JJ.

Boslaugh, J.

The plaintiff, Donald O. Lyons, was employed as a farm hand or laborer by the defendant, Julius Wagner. On September 19, 1968, the plaintiff was injured when a farm tractor which he was operating overturned. This action was brought to recover damages for the injuries which the plaintiff sustained in the accident.

At the close of the plaintiff's evidence, the trial court dismissed the action on the motion of the defendant. The plaintiff's motion for new trial was overruled and he has appealed.

At the time of the accident the plaintiff was 66 years of.

age. His principal occupation had been field manager for a grass seed company. He had also done some farming and had worked around farms. He had operated tractors since he was 21 years of age and was familiar with their operation in general.

The plaintiff had worked for the defendant during part of 1966, 1967, and 1968. He did carpentry and general repair work and also farm work. In 1968 he had helped plant corn. In a prior year he had helped put up silage. On the 2 days before the accident the plaintiff had been working at the farm of defendant's brother helping to pack silage.

On the day of the accident the defendant was cutting hybrid sudan for silage. The silage was dumped on the ground to make a rectangular pile four loads wide. The loose silage was then packed down by driving a tractor over the pile. The tractor which was used to pack the silage was a 1953 Ford tractor with dual rear wheels.

The defendant had operated the tractor during the morning and the early part of the afternoon. At about 3 p.m. the defendant asked the plaintiff to get on the tractor and ride with the defendant so that the plaintiff would " 'get the feel of this thing.' " The plaintiff then climbed on the tractor and rode on the left fender. The plaintiff testified that he "paid pretty good attention" to what the defendant was doing and noticed that occasionally the front wheels of the tractor would raise up. He asked the defendant what kept the tractor from going over backwards and the defendant replied that the drawbar would probably keep the tractor from going over backwards. After the plaintiff had watched the defendant operate the tractor for about a half hour the plaintiff took over the operation of the tractor and drove it for a half hour or an hour. During this time the front of the tractor raised up 8 or 10 times.

The defendant testified the front end of the tractor would raise up when silage would be caught or wedged

under the transmission or pan of the tractor. When that happened the remedy was to disengage the clutch so that the tractor would back off and the front end would be lowered.

At the time the accident happened the plaintiff was driving along the north edge of the silage pile in a westerly direction. The pile was then one load high and 2½ to 3 feet high at the highest point. The plaintiff had the left wheels on the pile and was attempting to pack the silage along the edge of the pile. The tractor was tilted slightly to the north.

Just before the accident happened the front end of the tractor raised up. The plaintiff disengaged the clutch, the tractor rolled back, and the front end came down. The plaintiff then started forward again. The front end of the tractor raised up again and got up far enough that the plaintiff could not get his foot on the clutch pedal. The plaintiff could see that the tractor was going to tip over backwards and tried to jump off, but was pinned underneath when the tractor fell on him.

The defendant's motion to dismiss alleged that the evidence failed to establish that the accident was caused by any negligence of the defendant; that the accident was caused by the negligence of the plaintiff which was more than slight; and that the plaintiff assumed the risk inherent in the operation of the tractor. In determining whether the motion was properly sustained the plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be drawn from the evidence.

An employer is not an insurer of the safety of the appliances which he furnishes. If he exercises the reasonable care which a prudent man would ordinarily take for his own safety, under like circumstances, in furnishing his employees with instruments reasonably safe for the particular purpose for which they are used, he has fulfilled his whole duty in that respect. Lownes v. Furman, 161 Neb. 57, 71 N. W. 2d 661. This rule

is applicable to the use of farm tractors and it is not enough for the plaintiff to show that there is danger in the operation of a tractor. All machinery is more or less dangerous and the liability of the employer must be based upon negligence. Ring v. Kruse, 158 Neb. 1, 62 N. W. 2d 279.

The plaintiff's specifications of negligence involved three main contentions: That the tractor was improper or defective for use in packing silage; that the defendant failed to warn or instruct the plaintiff as to the dangers incident to the operation of the tractor; and that the defendant assured the plaintiff that there was no danger of the tractor overturning.

There was no evidence that the tractor furnished by the defendant was defective or improper for use in packing silage. There was evidence that on other occasions other tractors were used for packing silage. The defendant testified that it was a common practice to use a tractor with a loader to push silage into a pile, but at the time the accident happened the pile was too low to require the use of a loader. As the pile increases in height, a tractor with a loader may be used to push the silage into a gradual slope but a wheeled tractor is still used to pack the silage.

The evidence did not show a failure to warn or instruct the plaintiff as to the dangers incident to the operation of the tractor. The plaintiff rode on the tractor for about a half hour while the defendant operated it. While the plaintiff was riding on the tractor with the defendant the front wheels of the tractor would raise up occasionally. After the plaintiff took over the operation of the tractor the front end raised up 8 or 10 times. Just before the accident happened the front end raised up, the plaintiff disengaged the clutch, and the tractor rolled back. The evidence shows that the plaintiff knew of the danger of the front end raising up and knew what to do to keep it from going over backwards.

With respect to the plaintiff's claim that the defendant

assured him that there was no danger of the tractor overturning, the plaintiff's testimony was that the defendant said, " 'I don't believe it could go over backwards.' " The plaintiff asked, " 'Why?' ", and the defendant replied, " 'This drawbar down there.' " The defendant's statement was an expression of opinion as distinguished from a positive assurance of safety. See, 56 C. J. S., Master and Servant, § 405, p. 1236; 35 Am. Jur., Master and Servant, § 321, p. 748. The theory of the rule regarding an assurance of safety is that if the employer has superior knowledge, and the employee is entitled to rely on the assurance of safety, and does rely on the employer's assurance of safety, the employee will not be held to have assumed the risk. In this case the evidence shows that the plaintiff was familiar with the operation of tractors, the existence and condition of the drawbar was open and obvious, and the plaintiff did not rely on the claimed assurance of safety.

The evidence in this case further shows that the accident was caused by the plaintiff's operation of the tractor in failing to disengage the clutch in time to prevent the tractor from overturning. Just before the accident the front end of the tractor had raised up, the plaintiff had disengaged the clutch, and the tractor had rolled back. The plaintiff then attempted to go forward again in the same place. The front end raised again and the plaintiff allowed the tractor to raise up so high that he was unable to get his foot on the pedal and disengage the clutch to prevent the tractor from going over backwards. This was negligence as a matter of law which was more than slight and a bar to any recovery by the plaintiff.

The judgment of the district court is affirmed.

AFFIRMED.