CYNTHIA K. McGEE, APPELLEE, v. JERRY E. McGEE, APPELLANT.

209 N. W. 2d 339

Filed June 29, 1973. No. 38819.

Jack W. Meyer, for appellant.

Yost, Schafersman, Yost & Lamme, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an action brought by the father-defendant to reduce or terminate child support payments. The District Court did not suspend or terminate the payments; however, the lower court did decrease the defendant's payments. We modify the judgment of the District

Court and order that the defendant's child support payments be suspended as of July 1, 1972.

We turn to the record. It shows that the parties were divorced on October 13, 1967; the plaintiff-wife received custody of the three children of the marriage and the defendant-husband was required to pay $135 per month for child support. Furthermore, the decree of divorce specifically provided that the husband would have reasonable visitation rights.

In the present action, the defendant-father moved the court for an order to reduce or terminate his child support payments. He has alleged, and this allegation has not been attacked, that the plaintiff-mother has taken the three children from Nebraska to another state with the intention of establishing a permanent residence. This was done without the consent of the court or the father, and has deprived the father of all visitation rights. The plaintiff-mother has made no attempt to answer the defendant's motion in the trial court or in this court. It is thus a reasonable inference that she has decided to make a new life for herself and the children without the father's presence. The District Court entered an order lowering the defendant's child support payments from $135 per month to $100 per month and the defendant has appealed to this court seeking further relief.

"A judgment for child support may be revised or altered at any time as to future payments if the circumstances of the parties change * * *." Walters v. Walters, 177 Neb. 731, 131 N. W. 2d 166. See, also, Rubottom v. Rubottom, 185 Neb. 39, 173 N. W. 2d 447; Shipley v. Shipley, 175 Neb. 119, 120 N. W. 2d 582. More specifically, this court has held that: "Where the decree of divorce gives visitation rights, the law contemplates that the children shall remain within the state so that the rights may be exercised. The mother's removal of the children from the state without the consent of the father or of the court may be sufficient change of circum-

stances to justify the court in suspending or reducing the amount of child support payments until the children have returned to the state." Prell v. Prell, 181 Neb. 504, 149 N. W. 2d 104. Applying this rule to the case at bar, it is clear that the defendant's obligation for making child support payments should be temporarily suspended. The mother's actions in this case have deprived the father of all opportunity to even be with his children, much less to exercise a parental influence over them. Such a change in circumstances demands a strong remedy.

It must be emphasized that this rather extraordinary relief should not, and will not, be granted in every case seeking termination of child support. It is only in those rare cases like the instant one where the mother has removed the children from the state and the jurisdiction of the court and has deprived the father of all visitation rights that suspension of child support payments should be granted. We do not in any way intimate that a dispute between parents as to visitation rights may be used by a father as a threat collaterally to relieve himself from his duty and obligation to support his children. But the removal of the children from the jurisdiction of the court without consent, together with the deprivation of all visitation rights and no suggestion or showing, after notice, that the children are in need or not properly taken care of warrants a court to invoke a suspension of the payments to preserve its jurisdiction in the matter. The remedy of suspension is the only one that can be used to meet an intentional violation of the law and destroy the jurisdiction of the court.

The District Court, recognizing the competing interests underlying the decision in this case, did decrease the amount of the child support payments. The remedy should fit the mischief. We, therefore, modify the order of the District Court to provide that the defendant's child support payments be suspended retroactively from

the date the children were removed from the state, July 1, 1972.

AFFIRMED AS MODIFIED.