RICHARD L. FRANCIS, APPELLEE, v. MARION ARLENE FRANCIS, APPELLANT.

238 N. W. 2d 468

Filed February 11, 1976. No. 40168.

Charles F. Fisher of Fisher & Fisher, for appellant.

Michael V. Smith of Smith & King, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an application by a husband to modify a decree of dissolution of marriage by reducing or changing the payment terms of a property settlement award, and by expanding and spelling out the visitation rights of the husband. The District Court denied the application to reduce the property settlement amount and granted some of the visitation changes requested. In addition, the court reduced the amount of child support, removed the custody of the minor children from the parties and placed it in the court, but retained physical custody with the wife. The wife has appealed.

The original decree of dissolution of marriage was entered June 20, 1974. It was based upon the agreement of the parties approved by the court. It granted a dissolution of marriage; granted household goods, an automobile, clothes, and personal property to the wife; and directed the payment to her from the husband of $50,000, payable $5,000 per year for 10 years, as settlement of their joint property interests. It assigned the real estate, livestock, and all other property to the husband. The wife was granted custody of the three minor children of the parties and the husband was directed to pay $100 per child per month as child support. The husband was to have reasonable rights of visitation and specifically the right to have the children on the second and fourth weekends of each month, together with additional visitations to be agreed upon.

On February 6, 1975, the husband filed his application for modification of the decree of dissolution. The application prayed for reduction of the property settlement award of the wife and deferment and extension of time for payments. The application also prayed for orders to allow visits at specified times and days of each month, and dividing custody of the children between the parties on school vacation times in an equitable manner.

Hearing was held on March 13, 1975. The evidence for the husband established that there had been a drastic adverse change in the cattle business during the preceding year and that he was having financial problems in continuing operations. He also testified he was having difficulty in arranging for visitation periods and had been refused visitation rights on various occasions. The wife's evidence tended to justify the visitation difficulties or explain them on other grounds. There was no evidence of any deficiencies of any kind in the wife's physical care of the children, nor was there any evidence of misconduct nor of any changed circumstances in the care of the children. A counselor from the Pan-

handle Mental Health Center, Children's Program, whose qualifications were not disclosed, was called by the wife. The counselor testified that it was not good for the children to be exposed to the battle going on between the parents over visitations. She testified that the solution was to reduce the number of visitation periods. In response to a question by the court as to her attitude about depriving both parents of custody, she testified that it would be traumatic for all the children to be separated from their mother.

After hearing, the court denied the application to reduce or defer payments under the property settlement; ordered child support reduced from $100 per month to $75 per month per child; and ordered that custody of the minor children be taken from both parties and placed in the court, with physical custody to remain in the wife until further order. The order also gave the husband the right to visit the children on the fourth weekend of each month, and directed him to receive and return them at specified times, and gave him the right to have the children during the month of June of each year. The parties were to have the children alternately for Thanksgiving and Christmas periods in each year.

The basic issue here involves the jurisdiction and power of the court to modify a specific provision of a decree of dissolution when that modification is not requested by either party. The contention is that the wife had no notice or opportunity to be heard with respect to the issues of reducing child support payments or removing custody of the children from her and placing it with the court. Under such circumstances it is contended that the District Court had no jurisdiction or power to modify those portions of the decree.

There is no doubt that the petition for modification did not seek any modification of child support payments nor did it raise any issues of the fitness of either party to have custody of the children. The determination

here, therefore, rests upon the court's authority to make such modifications on its own motion without notice and opportunity for hearing.

Our statutes provide that a decree of dissolution of marriage may include such orders as shall be justified in relation to any minor children and their maintenance. Modifications or "(s)ubsequent changes may be made by the court when required, *after notice and hearing.*" (Emphasis ours.) § 42-364, R. S. Supp., 1974. Under the comparable statute dealing with the subject under our prior divorce law, such modifications or changes could be made on the court's own motion or on the petition of either parent, but there was no statutory requirement for notice and hearing. See § 42-312, R. R. S. 1943, repealed 1972. Even under that statute this court has consistently held that the court had no authority or jurisdiction to act on its own motion without notice to the parties and an opportunity to be heard. Morehouse v. Morehouse, 159 Neb. 255, 66 N. W. 2d 579.

In Vasa v. Vasa, 165 Neb. 69, 84 N. W. 2d 185, neither of the parties had filed a petition for revision of the decree as to custody of a minor child, but were before the court in connection with a motion for dismissal. This court said: "In this case it is true that the parties were before the court but no question of custody was involved. The action of the court in this respect was without notice, hence the court was without jurisdiction in this respect."

In Erpelding v. Erpelding, 176 Neb. 266, 125 N. W. 2d 688, neither party had applied for a modification of an existing child support judgment, nor was there a pleading before the court on which to base any such modification. The hearing before the court involved a partition action and the application of its proceeds to child support payments. This court held that a District Court had the power to modify a divorce decree on its own motion so far as care, custody, and maintenance of children are concerned, but nevertheless: "Proceedings to

modify a divorce decree with regard to the care, custody, and maintenance of minor children are special statutory proceedings and in such cases jurisdiction must be proved or affirmatively shown on the record. The court, however, has no authority or jurisdiction to modify such a decree without notice to the parties and an opportunity given them to be heard."

In the case before us the parties had no notice and no opportunity to be heard on the issue of whether or not the amount of child support should be changed, nor on the issue of whether or not the custody of the minor children should be taken from the wife or both parties and placed in the court. Under these circumstances the trial court had no authority to modify the decree by reducing the amounts of child support or taking custody of the minor children from the wife and placing it in the court, without notice to the parties and an opportunity to be heard. Under section 42-364, R. S. Supp., 1974, the trial court on its own motion may make subsequent changes or modifications in a decree of dissolution of a marriage in relation to any minor children and their maintenance when required, but only after notice to the parties and an opportunity to be heard.

As to all matters properly within the authority and jurisdiction of the court, the court's order of March 13, 1975, was correct and is affirmed.

The attorney for respondent is allowed a fee of $250 for services in this court.

AFFIRMED IN PART, AND IN PART REVERSED.