ANN LOUISE KROCHMAN YOUNG, APPELLEE, V. GEORGE
DALE YOUNG, APPELLANT.
265 N. W. 2d 666

Filed May 10, 1978. No. 41506.

Daniel J. Monen, Jr., for appellant.

Baird, Holm, McEachen, Pedersen, Hamann & Haggart, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from the District Court's dismissal of an action by the respondent-husband to seek modification of a child support obligation. The parties' marriage was dissolved by decree in November 1973. The decree approved a property settlement agreement proposed by the parties.

In the settlement, the respondent George Young agreed to pay to the clerk of the District Court as "alimony and child support" the sum of $833.33 per month through and including May 1, 1977, and thereafter $416.66 per month through and including October 1, 1980. The payment termination dates coincide with the months and years the two daughters reach their 19th year.

The agreement further provided that the payments would cease on the death of either the petitioner or respondent, but not on the remarriage of petitioner. The agreement went on to say: "It is the intent of the parties that payments of alimony and child support * * * shall be deductible for federal income tax purposes by the Respondent and reportable for federal income tax purposes by Petitioner *and this agreement shall be interpreted or amended to accomplish this objective.*" (Emphasis supplied.)

Shortly after the dissolution, the petitioner moved with the parties' daughters to Dallas, Texas, with the prior knowledge and consent of respondent. The settlement in general terms provided for rights of visitation by respondent in Texas as well as the right of respondent to take the children with him while on vacation.

The older of the two children has reached her 19th year. This matter concerns only the younger child, Melanie, now 16 years of age.

The respondent moved the District Court to eliminate his obligation to make "child support" payments by reason of the denial and frustration of his rights of visitation. The trial court at the close of the respondent's case, dismissed his motion. Respondent appeals.

At the outset, it should be pointed out that each of the parties is in a favorable financial condition. The petitioner is well able to support the minor child without contribution from the respondent; and the

respondent is able to make all payments agreed to in the settlement and has done so. The circumstances of the parties has not changed since the dissolution.

The respondent assigns as error: (1) The refusal of the trial court to admit into evidence a statement made by petitioner, before the dissolution, to the effect that she (petitioner) would turn the children against the respondent; (2) the determination of the trial court that the payments were alimony and no part thereof was child support, thus concluding that absent change of circumstance, no justification existed for reduction of the alimony payments; and (3) the trial court's holding that even if the payments were wholly, or in part, to be considered child support, petitioner was not shown to be the cause of the refusal of the younger daughter to associate with respondent.

In support of the motion, the respondent testified that he frequently traveled to Dallas and that a satisfactory relationship existed in his contacts with his daughters until mid-1974. Thereafter, until mid-1976, he called every other month asking for an opportunity to visit his daughters. He was met uniformly with excuses, i.e., visiting a friend, school functions, visiting relatives, or an out-of-town trip. The respondent would offer to reschedule to resolve the conflicts, only to be met with another excuse.

From mid-1976 to the date of hearing in May 1977, he saw the elder daughter once and the younger daughter twice. The only time they consented to see him was when he informed them that he had birthday or Christmas gifts. After Christmas 1976 he attempted to see them, but was met with the same evasive responses. He called the petitioner and was met with an uncooperative attitude. The petitioner told him that she had no control over the girls. Respondent then filed this application and in an attempt to reestablish relations, a letter was written

describing his feelings of affection, but the attempt was rebuffed.

On its own motion, the court met in chambers with the younger daughter, Melanie, and attempted to ascertain the reason for the estrangement. The recited reason for not wishing to reestablish relations with her father is that it made her "uncomfortable" and she disapproved of his choice of restaurants. The respondent did not offer any evidence of direct interference by petitioner in the exercise of his visitation rights.

The respondent further testified that although the parties had agreed to consult on the girls' education, he was never consulted; and it was only with some difficulty that he was able to ascertain the college the older daughter was attending. He further testified that his relations with the petitioner's mother were strained, that she did not care for him, and that the petitioner was greatly influenced by her. The petitioner's mother also lived in Dallas, apparently in the vicinity of the petitioner's home.

We will discuss the assigned errors in order: First, did the trial court err in refusing to admit the petitioner's statement concerning her resolve to turn the children against the respondent? We hold that it did. The statement was relevant and clearly a statement against interest of a party. § 27-401 and 27-801, R. R. S. 1943. In view of the noticeable change in attitude of the children during the relatively short period from November 1973 to mid-1974, the statement was not too remote.

Second, did the court err in concluding that the entire payment was alimony and therefore not subject to change by the trial court? The trial court placed great weight on the provisions inserted in the settlement relating to the deductibility of the payments by respondent and the listing of such payments by petitioner on her income tax return. The court did not consider that the same agreement characterized the

payments as *child support and alimony,* or that the characteristics of the payments more nearly resembled child support than alimony since (1) there had been a complete division of property in the agreement; (2) there was no demonstrable need for alimony by the petitioner whose income was substantial and presently and probably then in excess of the income of the respondent; and (3) the liability for the payments does not expire on remarriage of the petitioner, but terminates finally on a date approximating the dates on which the children respectively reach their majority.

While the income tax consequences of the deductibility of certain payments and the claiming of exemptions are factors to be considered by the court in determining the amounts of alimony or child support, the decision of the Internal Revenue Service as to their deductibility is not binding or persuasive in determining whether payments not denominated specifically as alimony or child support are in reality one or the other, or partly some of each. The entire area of trial courts attempting to direct, or by implication to control, the determination of federal tax has been characterized as a "Pandora's box" which the state Supreme Court should not open. See Gray v. Gray, 192 Neb. 392, 220 N. W. 2d 542, concurrence by White, C. J. It is obvious that at least a substantial part of the payment was child support. The trial court erred in not so determining.

The third assignment of error concerns the sufficiency of the evidence to sustain respondent's position that the petitioner had undermined and actively thwarted the respondent's visitation privileges. Where plaintiff's action is dismissed at the close of his evidence, on appeal plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that reasonably could be deduced from the evidence. See, Hrabik v. Gottsch, 198 Neb. 86, 251 N. W. 2d 672; Lyons v. Wag-

ner, 185 Neb. 214, 174 N. W. 2d 730. Treating all the inferences favorable to the plaintiff, we feel there was sufficient evidence.

It is evident that a drastic change took place in the attitude of the children during the time they have been in the petitioner's custody. The petitioner expressed a determination to influence the children against their father. There is more than a reasonable possibility that she acccomplished what she threatened to do.

The trial court has not heard any evidence petitioner may desire to present. On remand, the trial court should determine the amount of the child support, whether petitioner caused the failure of the respondent's visitation rights and the alienation of the children, and in view of the peculiar circumstances in this case, where each party is well able to supply fully the needs of the minor child, whether the child support payments ought to be terminated completely. See, McGee v. McGee, 190 Neb. 415, 209 N. W. 2d 339; Snellings v. Snellings, 272 Ala. 254, 130 So. 2d 363.

The judgment of the District Court is reversed and the cause remanded with directions.

REVERSED AND REMANDED.