ELLEN J. McALLISTER, APPELLANT, V. MONTY F. McALLISTER, APPELLEE.

422 N.W.2d 345

Filed April 21, 1988.   No. 86-569.

S. Caporale, for appellant.

Debra Stangl, for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and GITNICK and GARDEN, D. JJ.

WHITE, J.

This appeal arises out of a dissolution of marriage between the parties to this action. Following a trial held on April 30, 1986, the district court for Douglas County entered a decree of dissolution on May 12, 1986.

Subsequent to the trial, both parties timely filed motions for a new trial. In addition, petitioner's attorney filed a motion to withdraw as counsel, and respondent's attorney filed a motion to compel an inventory of certain Hummel figurines, a major asset at issue in the proceedings. The motions were all set for hearing on May 16, 1986.

At the May 16 hearing the trial judge questioned petitioner, Ellen J. McAllister, regarding allegations that she had sold the Hummel figurines in violation of the original decree. Petitioner told the court that she had sold the Hummels because she thought that was what she was supposed to do.

Upon learning of the sale of the Hummels, the trial judge

determined that the original decree "was not a wise disposition . . . since the Hummels are so subject to manipulation. . . . [T]hey can be concealed. They can be disposed of, because there was no accurate count." The court then ordered, on its own motion, that the original decree be modified. The Hummel figurines were awarded entirely to the petitioner, while her alimony was reduced by a total of approximately $36,700.

The court then overruled both parties' motions for a new trial, overruled the motion to compel an inventory, and granted the motion to withdraw filed by petitioner's counsel.

Petitioner appeals the modification order entered by the district court. The sole assignment of error alleges, in essence, that the court erred in modifying the dissolution decree in the course of a hearing on unrelated motions without good cause shown, without notice, and without an evidentiary hearing. We agree and reverse the order modifying the decree.

This court has previously held that where modification of a dissolution decree is made during the 6-month period, Neb. Rev. Stat. § 42-372 (Reissue 1984), such modification can be made only upon good cause shown after notice to all interested parties and hearing. *Neujahr v. Neujahr*, 218 Neb. 585, 357 N.W.2d 219 (1984).

In *Howard v. Howard*, 207 Neb. 468, 299 N.W.2d 442 (1980), we held that a hearing is required to modify a dissolution decree when a court, in effect, vacates a decree on its own motion without opportunity to produce evidence with respect to the terms of the proposed modification.

Due process requires that adjudication be preceded by notice and an opportunity to be heard which is fair in view of the circumstances and conditions existent at the time. *Kirshen v. Kirshen*, 227 Neb. 479, 418 N.W.2d 558 (1988).

Whether or not the petitioner's action of selling the Hummel figurines constituted "good cause" necessary for modification is a question we need not answer. In the absence of notice and an evidentiary hearing on the issue of modification, the trial court abused its discretion when, on its own motion, it modified the dissolution decree in this case. The modification order is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.