JANICE RAY EISENMANN, APPELLEE, V. DAVID JOSEPH EISENMANN, APPELLANT.

488 N.W.2d 587

Filed May 19, 1992.   Nos. A-90-096, A-90-358.

James G. Egley, of Moyer, Moyer, Egley, Fullner & Warnemunde, for appellant.

Douglas J. Stratton, of Gerrard, Stratton & Mapes, P.C., for appellee.

SIEVERS, Chief Judge, and HANNON and WRIGHT, Judges.

HANNON, Judge.

David Joseph Eisenmann has appealed two separate matters concerning the parties' children to this court, and both matters are considered in this opinion. In case No. A-90-096, the respondent's application to decrease child support was dismissed at the close of his evidence; he appeals. In case No. A-90-358, the respondent's motion requesting an order concerning transportation of the children for visitation was dismissed without hearing; he appeals.

The district court dissolved the marriage of petitioner, Janice Ray Eisenmann, and respondent, David Joseph Eisenmann, by a decree dated May 3, 1989. This decree was entered as a result of the parties' stipulation. The decree awarded the petitioner custody of the parties' three children and required the respondent to pay monthly child support of $800 for three children, $639 for two children, and $412 for one child. The petitioner was ordered to provide standard hospital and

surgical insurance for the children if it was supplied at no cost to her through her place of employment. However, in the event hospital and surgical insurance was not provided to her, the respondent was required to provide similar insurance with no more than $250 deductible at his cost.

Shortly after the decree was entered, the petitioner quit her job, and the respondent became obligated to provide hospital and surgical insurance. In an amended application for modification, the respondent requested that the amount of child support be decreased. He alleged a decrease in farm income and the need to pay $259 for health insurance as the material change of circumstances that justified the decrease. The resistance filed by the petitioner on July 12, 1989, denied the allegations of the application, denied there had been a material change in circumstances, and alleged that the respondent was in arrears in child support in the amount of $400 as of July 11. The petitioner also alleged the application was frivolous and requested attorney fees.

An evidentiary hearing was held on December 20, 1989. The court granted the petitioner's motion to dismiss after the respondent rested. In granting the motion, the trial court stated that the application was dismissed because there was a complete absence of evidence that a modification of the decree of support would be in the best interests of the children, and the respondent had unilaterally reduced the child support to almost one-half the amount ordered without sanction by the court. The respondent appealed from the order dismissing his application.

On appeal, an application for modification of a decree of dissolution is reviewed de novo on the record, and the decision of the trial court will be affirmed in the absence of an abuse of discretion. *Schmitt v. Schmitt*, 239 Neb. 632, 477 N.W.2d 563 (1991). "Where plaintiff's action is dismissed at the close of his evidence, on appeal plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that reasonably could be deduced from the evidence." *Young v. Young*, 200 Neb. 787, 791, 265 N.W.2d 666, 669 (1978). In this case, when the court dismissed the respondent's application at the close of the respondent's case, it

was bound by the following rule:

"In an equity suit, when the defendant moves for a dismissal of the plaintiff's action at the close of plaintiff's evidence he thereby admits plaintiff's evidence to be true, together with every inference which fairly and reasonably may be drawn therefrom, and where the plaintiff's evidence meets the burden of proof required and plaintiff has made a prima facie case, the motion to dismiss should be overruled. . . . Where it appears that such dismissal of a plaintiff's cause of action was erroneous, the parties are entitled to be placed in the same position they were in before the error occurred, which requires the cause to be remanded for a new trial."

*Marco v. Marco*, 196 Neb. 313, 315-16, 242 N.W.2d 867, 870-71 (1976).

Therefore, our inquiry on de novo review must be whether the respondent has made a prima facie case for modification of his child support obligation, resolving all controverted facts and all inferences from the evidence in his favor.

" 'A party seeking to modify a marital dissolution decree concerning custody, support, or visitation of a child has the burden to show a material change of circumstances affecting the best interests of the child.' " *Pattrin v. Pattrin*, 239 Neb. 844, 844-45, 479 N.W.2d 122, 123 (1992). The respondent's income tax returns for the years 1986, 1987, and 1988 show that after depreciation is added to income, he had a total annual income of $70,877, $43,991, and $33,857, respectively. An accountant testified that from the respondent's records his income for 1989 would be only $12,518. The evidence shows that the petitioner's income for 1986, 1987, and 1988 was $2,945, $4,627, and $5,334, respectively.

In dismissing the petition, the trial court stated that upon the basis of *Tworek v. Tworek*, 218 Neb. 808, 359 N.W.2d 764 (1984), a decree is not subject to modification in the absence of a material change of circumstances of a nature requiring modification in the best interests of the children. The court found there was a complete absence of evidence that the children needed less money to maintain their standard of living than was contemplated on May 3, 1989, when the decree was

entered. The *Tworek* opinion does contain statements which appear to support the trial court's ruling.

Several older Nebraska cases discuss and hold that a good faith decrease in income justifies a decrease in child support. See, *Fogel v. Fogel*, 184 Neb. 425, 168 N.W.2d 275 (1969); *Bruckner v. Bruckner*, 201 Neb. 774, 272 N.W.2d 270 (1978); *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985); *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987). Neb. Rev. Stat. § 42-364.16 (Reissue 1988) became law in 1985, and it provides:

> The Supreme Court shall provide by court rule, as a rebuttable presumption, guidelines for the establishment of all child support obligations. Child support shall be established in accordance with such guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the application of the guidelines will result in a fair and equitable child support order.

The Supreme Court adopted the Nebraska Child Support Guidelines effective October 1, 1987, and amended them as of January 1, 1990. The guidelines effective as of January 1, 1990, contain the same presumption as the statute. All of the recent cases state in one manner or another that the child support guidelines should be followed. At this time there is no doubt that a good faith decrease in the income of the party obligated to pay child support justifies a decrease in child support, provided the decrease is permanent, and not temporary. *Sanchez v. Sanchez*, 231 Neb. 963, 439 N.W.2d 82 (1989); *Pattrin v. Pattrin*, 239 Neb. 844, 479 N.W.2d 122 (1992); *Schmitt v. Schmitt*, 239 Neb. 632, 477 N.W.2d 563 (1991); *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991); *Hildebrand v. Hildebrand*, 239 Neb. 605, 477 N.W.2d 1 (1991); *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991); *Peterson v. Peterson*, 239 Neb. 113, 474 N.W.2d 862 (1991).

In *Schmitt v. Schmitt, supra,* the Supreme Court quoted with approval *Morisch v. Morisch*, 218 Neb. 412, 413, 355 N.W.2d 784, 786 (1984), a case which considered the following factors in ruling on an application for modification of child support:

a change in the financial resources or ability to pay on the part of the parent obligated to pay support, needs of the child or children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction of income, and the duration of the change, namely, whether the change is temporary or permanent.

If drought and adverse market conditions decreased the respondent's income, the decrease would not be in bad faith. Under the facts in this case and after a full trial, a finding that the decrease in respondent's income was not permanent, but temporary, might be within the discretion of the trial court. However, the application was dismissed at the close of the respondent's case. He is therefore entitled to have every controverted fact resolved in his favor, and he is entitled to every favorable inference from the evidence. *Young v. Young*, 200 Neb. 787, 265 N.W.2d 666 (1978). With this standard, the trial court could not hold that the respondent's income decreased only temporarily. Therefore, we find that the respondent made a prima facie case for a modification in his child support obligations.

However, the court also found the respondent unilaterally decreased the amount of child support without the sanction of the court. The respondent testified that he had been paying $450 per month, that is, what he thought he could afford. He started paying $450 per month in July 1989, the second month after he was ordered to pay, and had agreed to pay, $800 per month. In *Voichoskie v. Voichoskie*, 215 Neb. 775, 779, 340 N.W.2d 442, 445 (1983), the Supreme Court held: "If the evidence shows that the petitioner is able to pay the arrearage or is unable to pay through some intentional conduct on his part, the doctrine of clean hands may be invoked to bar his claim for relief." In the recent case *Maddux v. Maddux, supra*, the Supreme Court reaffirmed this rule, but under the facts in that case decreased the child support. However, the court did not make the decrease retroactive to the filing of the application on the basis of the doctrine of clean hands.

On the clean hands issue, the respondent is also entitled to have every controverted fact resolved in his favor and to have the benefit of every favorable inference that can be deduced

from the evidence. With this standard it is not possible to find the elements exist for application of the doctrine of clean hands.

Based on the rule of law in *Marco v. Marco*, 196 Neb. 313, 242 N.W.2d 867 (1976), we hereby reverse the judgment of the trial court in case No. A-90-096 and remand the cause for a new trial.

The respondent also filed a later motion requesting an order from the court requiring the petitioner to provide transportation for his visitations with the children, requiring her to meet the respondent at a convenient location so the children might be transferred between the parties for visitation, and also requiring the petitioner to provide adequate clothing during visitation. In support of the motion the respondent alleges the petitioner has remarried and changed her residence to the Clearwater, Nebraska, area, and she refuses to meet him halfway or provide transportation for the children either to or from visitations. He also alleges the petitioner refuses to provide adequate clothing for visitations.

On March 16, 1990, the attorneys for both parties appeared before the court. Without any motion by either side or the receipt of any evidence, and without stating why, the trial court overruled the motion. After the ruling, the respondent's attorney requested permission to submit affidavits, and he was allowed to introduce two affidavits into evidence without objection. One affidavit is by the respondent. It may be summarized as stating the parties lived in Madison, Nebraska, when the decree was entered, but since then the petitioner remarried and moved 15 miles northwest of Elgin, Nebraska, and in the respondent's opinion the personal and financial difficulties he set forth justify the requested order. The other affidavit is by the petitioner, and she states that since the decree she has moved approximately 75 miles from Madison to near Elgin, and she expects the respondent to provide the transportation because of the expense of raising the children and "time constraints." She also denies that she refused to send adequate clothing with the children, and states various other minor difficulties the parties have had.

After the affidavits were introduced, the court stated the ruling would stand. The respondent assigns as error the trial

court's ruling on the motion without allowing him to introduce evidence or to argue the merits of his case and, in addition, the trial court's failure to decide the case in his favor on the merits. The procedural aspects must be considered first.

The respondent relies upon *McAllister v. McAllister*, 228 Neb. 314, 422 N.W.2d 345 (1988), for the proposition that due process requires a meaningful and fair opportunity to be heard. *McAllister* clearly holds that a modification of a dissolution decree during the first 6-month period can be made only upon good cause shown after notice to all interested parties. A similar principle has long been recognized in Nebraska where the decree is modified after the 6-month period. See, *Morehouse v. Morehouse*, 159 Neb. 255, 66 N.W.2d 579 (1954); *Erpelding v. Erpelding*, 176 Neb. 266, 125 N.W.2d 688 (1964).

The statutory provision authorizing modification of decrees of dissolution in matters of custody and visitation has not been materially changed since 1972. See 1972 Neb. Laws, L.B. 820. The applicable statute now provides: "Custody and visitation of minor children shall be determined on the basis of their best interests. Subsequent changes may be made by the court after hearing on such notice as prescribed by the court." Neb. Rev. Stat. § 42-364 (Supp. 1991). The Supreme Court has stated that under the present statute, as well as the previous statutes on the subject, the trial court has no authority to act without notice to the parties and an opportunity to be heard. *Francis v. Francis*, 195 Neb. 417, 238 N.W.2d 468 (1976); *Miller v. Miller*, 153 Neb. 890, 46 N.W.2d 618 (1951). A judgment is void if the party is denied an opportunity to be heard. *Board of Trustees of York College v. Cheney*, 160 Neb. 631, 71 N.W.2d 195 (1955).

The trial judge did not state a reason for dismissal without a hearing, and the reason for a ruling without a hearing is not apparent.

A court may dismiss for lack of jurisdiction. *Huffman v. Huffman*, 232 Neb. 742, 441 N.W.2d 899 (1989). Section 42-364 grants the district courts jurisdiction of visitation disputes. Such matters are regularly decided without any question of jurisdiction. *Manewal v. Manewal*, 220 Neb. 867, 374 N.W.2d 39 (1985); *Gerber v. Gerber*, 225 Neb. 611, 407 N.W.2d 497 (1987). Notice to the other party is clearly required. *Vasa v.*

*Vasa,* 165 Neb. 69, 84 N.W.2d 185 (1957); *Erpelding v. Erpelding, supra; Francis v. Francis, supra.* The district court retains jurisdiction for orders regarding custody or visitation notwithstanding the fact that the support issue was on appeal. Neb. Rev. Stat. § 42-351(2) (Reissue 1989). Clearly, the court had jurisdiction of the parties and the subject matter of the respondent's "motion."

Neb. Rev. Stat. § 25-601 (Reissue 1989) provides for dismissal of actions, and it provides the court can dismiss an action only if the plaintiff fails to appear, if necessary parties were not made parties, if the plaintiff fails to prosecute the action, or if the plaintiff disobeys a court order. None of these conditions exist, and there is no other basis for a court to dismiss a proceeding without a hearing.

In her brief, the petitioner maintains that the respondent inappropriately sought to modify the decree by a motion, and also argues that the motion does not allege a material change of circumstances which would justify a change in visitation. The statute does not require any particular formality. Both parties appeared for the hearing, and the petitioner's attorney did not object to proceedings or the pleading. The petitioner did not raise these issues in the district court, and if such procedural matters had been raised in the trial court, the respondent would undoubtedly have been entitled to amend the "motion." Section 42-364 does not provide for pleading, but only notice.

The motion filed by the respondent notified the petitioner of the modification the respondent was requesting. The fact that respondent saw fit to term his application for relief a motion rather than an application is immaterial. Neb. Rev. Stat. § 25-908 (Reissue 1989) provides: "A motion is an application for an order addressed to the court or judge in vacation, by a party to a suit or proceedings, or one interested therein." The most common term applied to documents filed to request a modification of a divorce decree is application, but that term is not sanctioned by any statute or rule. " 'The word "application" is a generic term, which includes, but is not limited to "motions." ' " *Doyle v. Union Ins. Co.,* 209 Neb. 385, 394, 308 N.W.2d 322, 326 (1981).

The motion gave adequate notice; both parties appeared; the

petitioner did not object; and after a hearing, the court had the power to enter the requested order. When a court has jurisdiction of the subject matter and the parties, the court may not dismiss an application for relief on its own motion without a hearing, unless the dismissal is authorized by § 25-601 or some other statute.

In their briefs both parties argue the merits of the controversy as though there had been a trial in the district court. Determination of visitation rights is initially entrusted to the discretion of the trial judge, and on appeal the determination is reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion, keeping in mind that the trial judge observed and heard the witnesses. *Manewal v. Manewal*, 220 Neb. 867, 374 N.W.2d 39 (1985).

The only record in this court is the affidavits of the parties. The record does not show any agreement of the parties to try the case on affidavits, but apparently they came to the hearing prepared to try the case on them. In his brief and in oral argument the respondent's attorney stated local practice requires such matters to be tried on affidavits.

Neb. Rev. Stat. § 25-1244 (Reissue 1989) provides:

> An affidavit may be used to verify a pleading, to prove the service of a summons, notice or other process, in an action, to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion, and in any other case permitted by law.

In *Banks v. Metropolitan Life Ins. Co.*, 142 Neb. 823, 8 N.W.2d 185 (1943), the Supreme Court said that portion of this statute providing for use of affidavits "upon a motion" clearly related to preliminary, collateral, and interlocutory matters. In later cases, the Supreme Court has adhered to the general rule that an affidavit is not admissible to establish facts material to the issue being tried. *Doyle v. Union Ins. Co., supra*; *Schaneman v. Wright*, 238 Neb. 309, 470 N.W.2d 566 (1991). "Generally, affidavits are regarded as the least satisfactory mode of presenting testimony and a party cannot be compelled to try his case on affidavits." 2A C.J.S. *Affidavits* § 56 at 500 (1972).

There is no applicable exception that justified the use of affidavits in a case involving a permanent order for child

custody or visitation. Of course the parties may agree to try an issue on affidavits the same as they may agree to try a case on stipulated facts, but the record in this case does not establish the parties agreed to try the case on the affidavits. After the court made its decision, the affidavits were admitted without objection, but the record does not disclose the purpose for which they were introduced. This court does not have an adequate record in case No. A-90-358 to try this matter de novo on the record, and it must be remanded for further proceedings, including such issues on pleading as the parties might see fit to raise, and an evidentiary hearing.

REVERSED AND REMANDED WITH DIRECTIONS.