DON P. HARRINGTON ET AL., APPELLANTS, V. HAZEL M. GRIESER ET AL., APPELLEES.

48 N. W. 2d 753

Filed July 16, 1951. No. 32976.

*Chambers, Holland & Groth, Hymen Rosenberg,* and *Roy F. Gilkeson,* for appellants.

*Paul W. White, Frederick Wagener, Herbert Ronin,* and *William Schaumberg,* for appellees.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Wenke, J.

Don P. Harrington, Jane F. Harrington, and Union Loan and Savings Association, a corporation, brought this action in the district court for Lancaster County against Hazel M. Grieser and Myles Holloway, sheriff of Lancaster County. The purpose of the action is to permanently enjoin the defendants from selling or causing to be sold Lot 5, Block 3, Capital View Addition to Lincoln pursuant to an execution which the sheriff has levied thereon. The defendants separately demurred to plaintiff's petition on the ground that it failed to state a cause of action. These demurrers were sustained as to the Harringtons and their action dismissed but overruled as to the Union Loan and Savings Association. The Harringtons filed a motion for new trial and from the overruling thereof have perfected this appeal.

The defendants have not cross-appealed from the overruling of their demurrer to the Union Loan and Savings Association's cause of action. Consequently no question is here presented as to its rights under and by virtue of its mortgage dated October 1, 1946, or as to any rights it may have by subrogation for such of the moneys advanced under its mortgage that were paid to the Lutheran Mutual Life Insurance Company to satisfy its prior mortgage on these premises dated April 7, 1945.

Merle Karnopp, now sheriff of Lancaster County, has been substituted as defendant and appellee in place of Myles Holloway.

The pleadings present the following factual situation: Hazel M. Grieser filed her petition in the district court for Lancaster County on September 25, 1945, seeking a divorce from her husband, Leonard F. Grieser. Decree was rendered therein on November 1, 1945, granting her a divorce and awarding her the custody of the parties' two minor children. The decree also ordered him to pay

her alimony and child support in accordance with an agreement which the parties had entered into on September 20, 1945, which agreement the court had approved. This agreement provided that commencing on September 15, 1945, the defendant should pay plaintiff each month, until such time as she remarries the sum of $90 as alimony, and $60 a month for the support and education of the two children. The decree entered judgment against defendant for these payments.

The Griesers, at the time this decree was rendered, owned property located at 1035 South Thirty-first Street in Lincoln. This is the same property now levied on and sought to be sold. By the agreement of the Griesers this was to be the property of Leonard F. Grieser and Hazel M. Grieser was to give him a quitclaim deed thereto. This she did by a quitclaim deed dated November 1, 1945.

On August 1, 1946, at a subsequent term of the court, Leonard F. Grieser made an application in the divorce action to have the decree entered therein so modified that the property which he had received under the terms of the settlement agreement of September 20, 1945, would be released from the lien of these monthly payments of alimony and child support. Therein he alleged, as the basis therefor, that it was understood between the parties that he was to get the property free of liens.

By stipulation dated August 7, 1946, Hazel M. Grieser agreed to the court's modifying its decree of November 1, 1945, so the payments due thereunder for alimony and child support would not be a lien upon the property received by Leonard F. Grieser pursuant to their settlement agreement but that the amount of the payments should not be changed. Based on this stipulation the court, on August 8, 1946, entered an order modifying its decree of November 1, 1945. The modification made provided that the alimony and child support payments should not be a lien on this property.

On September 20, 1946, for a valuable consideration,

Leonard F. Grieser and his then wife, Florence E., conveyed this property to the Harringtons as joint tenants. The Harringtons, in buying the property, relied on the August 8, 1946, order of the court modifying its decree of November 1, 1945, releasing this property from the liens of the alimony and child support payments.

On December 1, 1949, Hazel M. Grieser caused an execution to be issued for the unpaid installments of alimony and child support under the decree of November 1, 1945. This execution directed the sheriff of Lancaster County to levy on this property to satisfy the unpaid installments in the sum of $5,272 which had become delinquent since December 1946. This the sheriff did and, pursuant to the levy, advertised the property for sale on January 17, 1950, at 2 p. m. It is this execution and sale which the appellants seek to enjoin.

The question raised is, did the district court have the power to enter the order of August 8, 1946, releasing this property from the liens of these future alimony and child support payments?

That these future payments of alimony and child support were liens on this property by reason of the decree of November 1, 1945, is firmly established by the holdings of this court. See, Wharton v. Jackson, 107 Neb. 288, 185 N. W. 428; Lynch v. Rohan, 116 Neb. 820, 219 N. W. 239; McCord v. McCord, 128 Neb. 230, 258 N. W. 474.

Divorce and its incidents are matters of public concern over which the Legislature has authority. What policies to adopt concerning its regulation are for it to decide and are not for the courts.

In this respect we have said of our power in that regard as follows: "Jurisdiction of the court in matters relating to divorce and alimony is given by the statute, and every power exercised by the court with reference thereto must look for its source in the statute, or it does not exist." Cizek v. Cizek, on rehearing,

69 Neb. 800, 99 N. W. 28. See, also, Wharton v. Jackson, *supra.*

As stated in Cizek v. Cizek, *supra:* "We proceed, therefore, in the examination of the question presented upon the assumption that the court's power to do what it did under the pleadings in this case must find justification in the statute or it can not be sustained."

To the extent of the power granted the following principle is applicable: "Courts of general jurisdiction have the inherent power to do all things necessary for the proper administration of justice and equity within the scope of their jurisdiction. See, Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340; Lippincott v. Lippincott, supra." Miller v. Miller, 153 Neb. 890, 46 N. W. 2d 618.

For many years after the Legislature established that alimony and child support payments, including future payments, should be liens it made no provision respecting the court's authority to release or in any way change the priority thereof. Then, in 1935, the Legislature provided if certain conditions were found to exist, none of which were here found to exist as the basis for the court's order of August 8, 1946, that then the court would have authority to enter an order respecting the priority thereof or to subordinate it to the lien of a mortgage, the proceeds of which are to be used solely for the specific purposes as therein set forth. Laws 1935, c. 94, p. 316, now section 42-324, R. S. 1943. The Legislature during its 1951 session broadened the court's authority in this respect with reference to child support. See L. B. 299, appearing as Laws 1951, c. 125.

Applicable here, under this situation, is the following principle: "It is a general principle of interpretation that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. Under this principle, it has been held that the enumeration of certain powers implies the exclusion of all others not fairly incidental to those enumerated, and that an affirmative description of cases in which certain powers

may be exercised implies a negative on the exercise of such powers in other cases." 50 Am. Jur., Statutes, § 429, p. 450. See, Michigan Wolverine Student Co-Operative, Inc. v. Wm. Goodyear & Co., 314 Mich. 590, 22 N. W. 2d 884; Van Eaton v. Town of Sidney, 211 Iowa 986, 231 N. W. 475, 71 A. L. R. 820.

So tested we find that the court was without authority and did not have the power to enter the decree of August 8, 1946, insofar as it therein attempted to release this property from the lien for future payments of alimony and child support as ordered by the decree of November 1, 1945, and that its order doing so was void. See Cizek v. Cizek, *supra.*

In view thereof we find the order of the trial court sustaining the separate demurrers of the appellees to be correct and we affirm its order. dismissing the appellants' action.

AFFIRMED.