DORIS L. WALTERS, APPELLEE, V. WILLIAM K. WALTERS,
APPELLANT.

131 N. W. 2d 166

Filed October 30, 1964.    No. 35730.

Bertrand V. Tibbels, for appellant.

Wright, Simmons & Hancock, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, BOSLAUGH, and BROWER, JJ., and DIERKS, District Judge.

BOSLAUGH, J.

The plaintiff, Doris L. Walters, and the defendant, William K. Walters, were married on June 13, 1946. On May 29, 1959, the plaintiff was granted a divorce from the defendant. The plaintiff was awarded the custody of their three children together with alimony and child support.

On October 21, 1963, the defendant filed a petition to modify the judgment of May 29, 1959, by canceling all future payments of child support. After a hearing upon the merits of the petition the trial court found generally against the defendant and refused to modify the judgment of May 29, 1959. The defendant has appealed to this court.

The defendant was represented by counsel in the

original divorce proceeding. On May 27, 1959, he entered into a written stipulation with the plaintiff concerning the disposition of their property, the custody of their children, and the child support and alimony to be awarded to the plaintiff in the event a divorce was granted. The judgment entered on May 29, 1959, approved the stipulation of the parties and incorporated its terms and provisions in the judgment. The plaintiff was awarded the custody of William Keith Walters, then 12 years of age; Richard Owen Walters, then 9 years of age; and Greg Nordell Walters, then 8 years of age. The defendant was ordered to pay child support at the rate of $100 per month until each child reached the age of 18 years, married, became self-supporting, or died. As each child reached the age of 18 years, married, died, or became self-supporting, the payments were to be reduced successively from $100 per month to $75 per month and $37.50 per month. The payments were to terminate when all three children had reached the age of 18 years, had married, had died, or had become self-supporting. None of these events have occurred as to any of the children at this time.

The petition to modify the judgment of May 29, 1959, alleged that since the entry of the decree the defendant had become permanently and totally disabled "for all practical purposes," that his personal estate had been wholly exhausted, and that he was unable now and will be unable in the future to comply with the judgment.

The evidence shows that the defendant is afflicted with epilepsy and suffers from both grand mal and petit mal seizures. The defendant's mentality is below average and there has been a gradual decrease in his mental capacity. The defendant is not able to do work that requires mental acuity but is capable of doing work on the ground which is away from dangerous moving machinery, livestock, or similar hazards.

A judgment for child support may be revised or altered at any time as to future payments if the circum-

stances of the parties change or it shall be to the best interests of the children. § 42-312, R. R. S. 1943. A judgment for child support may be modified only upon a showing of facts or circumstances which have occurred since the judgment was entered. Griess v. Griess, 161 Neb. 1, 71 N. W. 2d 513. The judgment is res judicata as to all matters existing at the time it was rendered. Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51.

The defendant in this case has been afflicted with epilepsy since he was 15 years of age. Apparently, his mental condition is a result of his illness and any change in his mental condition that has occurred since May 29, 1959, appears to be the result of the normal course of his illness.

The defendant lives on a farm with his mother. The defendant has helped with the farm work. His mother has given him money to help pay the child support, his other expenses, and have a little spending money. There is some indication in the record that the financial situation of the defendant's mother has changed and that she will not give the defendant the same amount of money in the future that she has given to him in the past.

The record in this case does not show a change of circumstances sufficient to require the modification of the judgment for child support. Although the defendant may not have sufficient income or personal estate at this time to make the payments required under the decree, his situation is not materially different from what it was at the time the judgment was rendered.

The defendant cannot obtain a modification of the judgment at this time upon a showing that the payments required by the judgment were beyond his ability at the time the judgment was entered. A proceeding to modify a judgment for child support is not a retrial of the original case or a review of the equities of the original decree. Morris v. Morris, 137 Neb. 660, 290 N.W. 720; McIlwain v. McIlwain, 135 Neb. 705, 283 N. W. 845.

The defendant relies upon Sullivan v. Sullivan, 141 Neb. 779, 4 N. W. 2d 919, and Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340. These cases involved factual situations where there had been a change in the circumstances of the parties. They do not support the defendant's claim for relief in this case.

The judgment of the district court is affirmed. The plaintiff's attorney is allowed the sum of $200 for his services in this court.

AFFIRMED.