RONALD D. GRAY, APPELLANT, v. JOYCE ANN GRAY, APPELLEE.

220 N. W. 2d 542

Filed July 25, 1974. No. 39285.

William E. Naviaux of Corrigan, Dowd & Naviaux, for appellant.

Richard M. Fellman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an appeal from an order modifying a divorce decree in regard to parental claims to income tax deductions for the four minor children. The original decree awarded custody to defendant, required plaintiff to pay $300 per month child support which, as of August 1, 1973, was to increase to $400 per month and to maintain medical and dental insurance coverage for the children. Defendant was to hold in trust for the children part of a fund received in settlement of a malpractice action. It was further provided that plaintiff should take as exemptions for purposes of state and federal taxes the four minor children. On July 27, 1973, defendant applied for a modification of the decree in regard to the tax exemption provision. The court ordered that each of the parties should take two of the children as tax exemptions. We reverse the order so entered.

The original decree was entered October 24, 1972. At that time the parties contemplated that plaintiff would receive his doctor's degree and obtain employment in the summer of 1973. Plaintiff has remarried and now has a wife, who also works, and two stepchildren. Certainly the parties were aware that either or both might remarry. It does not appear that there has been any change in the circumstances of the parties not contemplated at the time of the divorce. It has been a well-established rule that a decree awarding custody of minor children and fixing child-support payments is not subject to modification in the absence of a material change in circumstances occurring subsequent to the entry of the decree of a nature requiring modification in the best interests of the children. See, Walters v. Walters, 177 Neb. 731, 131 N. W. 2d 166; Schlothauer v. Schlothauer, 184 Neb. 750, 171 N. W. 2d 786.

The record fails to reveal any change in circumstances not contemplated and foreseen at the time of the divorce.

Section 42-312, R. R. S. 1943, repealed in 1972, permitted a modification of an order or decree for child support, in the event of a change in the circumstances of the parties or if it was in the best interests of the children. Section 42-364, R. S. Supp., 1972, permits such modification "when required." The term is broad and indefinite but does not contemplate modification at the whim of either a party or the court. "A judgment for child support may be modified only upon a showing of facts or circumstances which have occurred since the judgment was entered. The judgment is res judicata as to all matters existing at the time it was rendered. * * * A proceeding to modify a judgment for child support is not a retrial of the original case or a review of the equities of the original decree." Walters v. Walters, *supra*. See, also, Schlothauer v. Schlothauer, *supra.* The change in the statute does not alter these basic principles.

The order of the District Court pertaining to the modification of the decree in regard to the taking of tax exemptions is reversed.

Costs in this court, including defendant's attorney fees in the sum of $500, are taxed to plaintiff.

REVERSED AND REMANDED.

McCOWN, J., concurring in result only.

The modification of the decree here is not a modification of provisions for payment of child support. It is instead a modification of a portion of a divorce decree which attempted to determine for the future which parent would be entitled to federal income tax dependency exemptions for the children. That issue is determinable by federal law and generally depends upon actual amounts of support furnished by each parent during the tax year. That factual determination cannot be made in advance. Neither should the decree purport to fix and determine the allocation of future dependency exemptions to one or the other of the

parents. A divorce court should consider the impact of federal income tax laws and regulations upon the parties in fixing amounts of child support or in allocating child support payments between individual children. Modifications should ordinarily be made upon the same considerations and in the same fashion. A decree in either case should avoid judicial conclusions or determinations as to the allocation of future federal income tax dependency exemptions.

CLINTON, J., joins in concurrence.

WHITE, C. J., concurring.

I concur in the result in this case and in the opinion holding that there has been no change of circumstances that would justify this court's interference with the original decree in the case.

Implied in the opinion is the power of the District Court and this court, in a divorce case, to enter orders directing the parties to take actions that affect the income tax liability of the parties. I do not think that the District Court or this court has any jurisdiction, either directly or indirectly, to do this. There is absolutely no statutory authority for the entry of such an order. It opens a Pandora's box of conflict and confusion with federal and internal revenue jurisdiction over tax exemption decisions.

It is settled and fundamental law in the State of Nebraska that jurisdiction of the court in matters relating to divorce and alimony and child support is given by the statute and every power exercised by our courts with reference thereto must look for its source in the statute or it does not exist. Harrington v. Grieser, 154 Neb. 685, 48 N. W. 2d 753; Cizek v. Cizek, on rehearing, 69 Neb. 800, 99 N. W. 28; Ruehle v. Ruehle, 161 Neb. 691, 74 N. W. 2d 689; Timmerman v. Timmerman, 163 Neb. 704, 81 N. W. 2d 135.