DORIS MAE GREGG, APPELLANT, V. GENE ERVIN GREGG, APPELLEE.

229 N. W. 2d 546

Filed May 22, 1975. No. 39759.

Milton R. Larson, for appellant.

Frank E. Piccolo of Murphy, Pederson & Piccolo and LeRoy Anderson, for appellee.

Heard before SPENCER, BOSLAUGH, CLINTON, and BRODKEY, JJ., and RONIN, District Judge.

BRODKEY, J.

In this appeal, the petitioner-wife attacks certain provisions contained in the decree of the District Court dissolving the marriage between her and the respondent-husband, and assigns as error that the court erred in failing to award alimony to the petitioner, in awarding a disproportionate amount of the property acquired during the marriage of the parties to the respondent, and in awarding an insufficient amount for the support of the parties' minor children. We modify and affirm.

In her petition filed in this action, the wife, Doris Mae Gregg, alleged that the marriage between herself and her husband, Gene Ervin Gregg, was irretrievably broken and requested that the marriage be dissolved. She also sought a division of the property of the parties, an allowance of attorneys' fees and costs, and such other relief as "justice and equity may require." A trial was had and the District Court entered its final decree which is the subject of this appeal. In its decree the court found the marriage of the parties was irretrievably broken and ordered that the marriage be dissolved. It awarded the custody of the two minor children of the parties to the petitioner and ordered the respondent to pay $175 per month for each child, or a total of $350, as child support. The court also divided the property of the parties, awarding certain minor items of personal property to the respondent, and the home of the parties, together with its remaining contents, to the petitioner. It further awarded to the petitioner a 1972 Ford Torino

automobile, a checking account standing in her name, and a certain life insurance policy on her life. All the remaining property of the parties was awarded to the respondent, with the exception of checks totaling $1,704.30, representing refunds of federal and state income tax payments made by the parties. It was agreed by the parties, and the decree provided, that these tax refunds were to be divided equally between the parties and applied to the payment of the attorneys' fees of both parties. In its decree, the District Court specifically found that the value of the property awarded to the petitioner was approximately $30,000, and that the value of the remaining property of the parties awarded to the respondent, excluding property (grassland) inherited by him worth $44,800, had a value of $37,000. The District Court further found in its decree "that by reason of the age of the parties, the duration of the marriage, and the fact that respondent has inherited property having a value of $44,800.00, the petitioner should receive one half of all property of the parties other than said inherited property of respondent; * * *." Apparently in an effort to equalize the value of the property awarded to the respective parties, the District Court further ordered the respondent to pay the petitioner the sum of $3,600, payable at the rate of $300 per month for a period of 12 months, commencing on August 1, 1974; and also taxed the costs of the action against the respondent.

We now consider petitioner's assignments of error, previously set out. We have carefully reviewed the record in this case, and have concluded that the amount of the child support award was sufficient, and that the division of the property between the parties was equitable.

In determining the amount of child support to be awarded, the status, character, and situation of the parties and all attendant circumstances must be considered. Schwaninger v. Schwaninger, 192 Neb. 681,

223 N. W. 2d 829 (1974). In this case, the respondent was ordered to pay $175 per month for the support of each of his two children, or a total of $350 per month as child support. He was further ordered to pay all accumulated dental bills for the children and to continue to provide medical insurance coverage for the children at his expense. We have determined that the amount of child support in this case is adequate under the circumstances, and do not disturb that award.

The rules for determining alimony or division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. They are always to be determined by the facts in each case and courts consider all pertinent facts in reaching an award that is just and equitable. Bliven v. Bliven, 190 Neb. 492, 209 N. W. 2d 168 (1973); Schwaninger v. Schwaninger, *supra*. The petitioner herein particularly complains about the failure of the District Court to include the inherited property of respondent in its division of the property in its final decree. It is true that the District Court excluded the inherited property of respondent in making its approximately equal division of the property between the parties. However, it is clear from the decree itself, that the District Court considered the problem of the inherited property in reaching its initial decision to make the division of the property that it did, which was to divide the remaining property equally between the parties. Had the inherited property been considered in the total, it may well have been that the percentage of the total awarded to the petitioner might have been substantially less than one-half. Considering all the circumstances, we have determined that the division of the property made by the District Court cannot be said to have been unjust or inequitable, and that division must, therefore, be affirmed.

We turn now to what we deem to be petitioner's principal assignment that the District Court erred in failing

to make an award of alimony to her. The rule is well established that upon the dissolution of a marriage, the court may order payment of alimony by one party to the other as may be reasonable, having regard for the circumstances of the parties, the duration of the marriage, and the ability of the supported party to engage in gainful employment. § 42-365, R. R. S. 1943; Barnes v. Barnes, 192 Neb. 295, 220 N. W. 2d 22 (1974).

The respondent is now, and for many years has been, employed by the Nebraska Machinery Company. Prior to 1972, he was employed as a service and parts manager for that company, but was subsequently promoted to be a salesman for the company, and sold heavy equipment and machinery for it. His income, although ample, is not unlimited. We note, however, that a résumé of his yearly income appears in the record as exhibit B, and reveals that in 1970 he earned wages totaling $12,035; in 1971, his wages amounted to $12,444.94; in 1972 he earned $18,532.86; and in 1973 there was a substantial increase in earning power, as reflected by the figures shown on said exhibit in the amount of $26,522.89. This amounts to a total of $69,535.69 for the 4-year period. By dividing this figure by four, respondent contends that his average earnings for the 4-year period was $17,383.92 per year. As previously pointed out, however, respondent was employed in a different and better position with the company during the years 1972 and 1973 and it would, perhaps, be more accurate for the purpose of determining his average yearly income, to eliminate the figures shown for 1970 and 1971, when he was employed as a service and parts manager for the company. His average in his present position for the years 1972 and 1973 would be considerably higher, amounting to $22,527.87. Counsel for respondent attempt to explain away the higher earnings figures shown on exhibit B on the ground that economic conditions were much better in 1973 than they are at present, and by further testimony from respondent that his

earnings for 1974 were substantially less than in 1973. Assuming the truth of their assertion, however, we are convinced that the respondent's earnings are and will be greater than the average gross income reflected by exhibit B for the 4 years in question and will be sufficient to make all payments required under the decree of the District Court. We also note, in passing, the record reveals that in addition to his wages, respondent has a yearly income of $1,600 from rental of the grassland which he inherited.

Petitioner was 42 years of age at the time of the hearing before the District Court. It appears that she had engaged in full-time employment from the time of her marriage to respondent in 1951 until 1957, when their first child was born. The children of the parties were 14 and 16 years of age respectively at the time of the hearing in the District Court. The record discloses that in September of 1973, petitioner again began to engage in employment on a part-time basis. She testified she had been working regularly from that time until the time of the hearing; and that she had realized average earnings of $300 per month from such part-time employment. Although she has demonstrated that she is capable of supporting herself, she has expressed a desire to take a 1-year program of vocational training in order to obtain employment as a practical nurse, and thereby substantially increase her earning capacity, as she does not desire to continue her house painting activities. We regard her intention to obtain such training as being most commendable under the circumstances, and believe that if she does, in fact, pursue such course, she should not suffer as a result of the consequent loss of earnings which would necessarily follow from her full-time application to vocational training. We therefore modify the decree to provide that if the petitioner shall decide to pursue a full-time course of vocational training, the respondent shall pay the sum of $300 per month for that purpose, said payments to continue for

1 year or until such course of vocational training is completed or otherwise terminated, whichever comes first, said payments to be made to the clerk of the District Court for the benefit of the petitioner. In all other respects, the decree of the District Court is affirmed.

AFFIRMED AS MODIFIED.