MARION W. BRUCKNER, APPELLEE, V. RICHARD J.
BRUCKNER, APPELLANT.

272 N. W. 2d 270

Filed December 6, 1978. No. 41733.

Richard E. Shugrue, for appellant.

Russell S. Daub, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH,
MCCOWN, CLINTON, BRODKEY, and WHITE, JJ., and
KUNS, Retired District Judge.

WHITE, J.

Appellee Marion Bruckner filed an application for
modification of the order of child support in the District Court. Appellant Richard Bruckner responded
by requesting a reduction of child support, filed a
motion seeking a determination that his obligations
under the original decree for child support had been
fully met, and prayed for an order releasing him
from further obligations.

The trial court increased the child support for
three children from $87 per month each, to an
amount of $100 per month for the older child, to $135
per month each for the two younger children. The
trial court denied appellant's request for a reduction
and did not pass on appellant's request for an order
determining he had fully paid the child-support obligation.

The parties were divorced in January 1967. In the decree, the court approved a property settlement agreement, and a stipulation for child-support payments of $87 per month for each of seven children. The appellant further agreed to pay high school and college tuition for each of the children.

The appellant, a successful practicing lawyer, complied with the support order and, in addition, contributed substantial sums to his children and to his former wife to complete her education. The evidence introduced by him, which is largely conceded by appellee, indicates payments in excess of $36,000 over the obligations in the decree. Whether these additional payments can properly be credited as support payments, or as gifts, or fulfillment of other obligations under the decree, was not decided by the trial court and will not be decided by this court.

The evidence disclosed the appellant's practice was curtailed and because of illness he suffered a substantial loss of income, to the extent that his income in 1977 was approximately $6,000. Debts to the Internal Revenue Service and others exceeded $100,000. There was some indication the appellant had resumed active practice and might reasonably be expected to have increased income in future years.

The appellee, who herself had been the recipient of large gifts from appellant after the divorce, had, with appellant's help, completed her requirements, received her Ph. D., and was employed as a teacher earning approximately $8,000 per year. She testified her monthly expenses were $660 per month.

A decree fixing child support is subject to modification upon a showing of a material change of circumstances. See Gray v. Gray, 192 Neb. 392, 220 N. W. 2d 542.

The trial court could have properly found that the amount of the original support was not unreasonable. The appellant's financial position was poor, but it was likely his return to active law practice

would remove some of the difficulties. The court's order refusing a reduction of support is affirmed.

However, the court went beyond that and increased the payments when the evidence showed, at the time of the hearing, that the appellee herself was in better position than the appellant to contribute to the support of the minor children. This determination was a clear abuse of discretion. The judgment of what is fair includes not only a consideration of the circumstances of the children but of the father as well. See Fogel v. Fogel, 184 Neb. 425, 168 N. W. 2d 275. The decision of the trial court increasing the child support is reversed.

AFFIRMED IN PART, AND IN PART REVERSED.