BEATRICE LUCILE WHITE, APPELLEE, V. WARREN D. WHITE, APPELLANT.

274 N. W. 2d 546

Filed January 24, 1979. No. 41796.

Charles A. Fisher and Charles F. Fisher, for appellant.

Michael T. Varn, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, J.

The parties were divorced on September 15, 1976. At the time of the original divorce the court approved a settlement agreement between the parties, specifically disapproving, in the following language, a provision in the property settlement agreement which provided that the appellant Warren D. White was not required to pay child support: "* * * the Court specifically disapproves of the provision regarding child support, but finds that no child support shall be awarded at the present time and that the Court will entertain an application at a later time to fix child support after notice to the Respondent." The trial court made no findings regarding the ability of the appellant to pay child support, but took into consideration at that time the straitened financial circumstances of the parties. On July 26, 1977, the appellee herein filed a "Petition to Modify Decree" and requested child support from the appellant. The child, Jason, was not the natural son of the appellant but had been adopted by him. At the hearing, evidence was introduced by appellee that because of necessary surgery, her current income was $207 per month together with $100 per month alimony paid by the appellant. The appellant's income was approximately $520 per month. He had remarried and his present wife had an income of $600 per month. The appellant introduced evidence that he was indebted to his parents in the amount of approx-

imately $3,000 and that he was unable to pay any child support. The trial court concluded the appellant should pay the sum of $65 per month. The appellant appeals.

The appellant correctly points out that a decree fixing child support payments is not subject to modification in the absence of a material change in circumstances occurring subsequent to the entry of the decree requiring modifications in the best interests of the children. See Gray v. Gray, 192 Neb. 392, 220 N. W. 2d 542. Appellant contends the court could not have found a material change of circumstances in this case. In fact, the court could have found a substantial change in circumstances, as the evidence recited above indicates. However, it is sufficient to point out that in this case the court made no determination of child support in the initial decree, other than its rejection of a provision exonerating the appellant from child support obligations. It specifically reserved until a later date the determination of whether, and how much, child support should be paid. In other words, this is an initial determination of the amount of child support, and change in circumstances is not a relevant consideration.

"In determining the amount of child support the status, situation, and character of the parties, and all attendant circumstances must be considered. The financial position of the husband as well as the estimated costs of support of the children must be noted." Breiner v. Breiner, 195 Neb. 143, 236 N. W. 2d 846. An examination of the record indicates a difference in the relative earning power and capacity of the parties. The award of child support is not an abuse of discretion.

The judgment of the trial court is affirmed. Appellee is awarded an attorney's fee in this court of $150.

AFFIRMED.