DELOR ROYCE TILDEN, APPELLANT, v. DIANE SUE TILDEN, APPELLEE.

274 N. W. 2d 860

Filed January 30, 1979.   No. 41714.

Winkle & Brock, for appellant.

Robak & Geshell, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from an order of the District Court for Platte County, Nebraska, modifying the provisions of a divorce decree for the support of two minor children of Delor Royce Tilden, the appellant, and Diane Sue Tilden, the appellee. We reverse and remand the order.

In a suit for divorce, instituted by the appellant, a decree of absolute divorce was entered on February 4, 1972, with provisions for the custody and support of said children. On September 28, 1972, the court modified the previous decree granting custody to the appellee and fixing the amount of support to be paid by appellant at $100 per month for both children. In 1977, appellant filed a motion to secure added rights of visitation; appellee thereupon showed that appellant was $3,700 in arrears in child support payments and moved that he be cited for contempt. She further moved for a modification of the previous order increasing the amount of the child support. Following a hearing, the trial court made new provisions for visitation by appellant and ordered that the amount of child support be increased to $100 per month for each child. Appellant assigns error in that the judgment is not supported by the evidence. No other issues are presented on this appeal.

The bill of exceptions contains all of the testimony at the original trial and at each of the modification hearings. Neither party ever submitted a detailed family budget. In September 1972, the appellee had remarried; her husband had a monthly income of $600. At that time, the appellant had a monthly

income of $900 and was responsible for the support of four children by a previous marriage. The evidence did not show the amount of support he was actually paying. In June 1977, appellee had been again divorced and had remarried. Her present husband had an income of $1,100 per month and was supporting four children by a previous marriage in the family home. The appellant was earning $733.64 per month; his four children had been adopted by others and he had been relieved of responsibility for their support. At the time of the original decree, he had debts amounting to approximately $3,350; the evidence does not show whether this indebtedness still existed in addition to the arrears of child support. The appellee testified that the needs of the children were as follows: (1) Groceries for both, approximately $50 per month; (2) tuition for both, $150 per year; (3) clothing for two, $50 for an unstated period; (4) anticipated medical expenses for a tonsillectomy for the son, and frequent changes of glasses for the daughter, approximately $40 to $60 per month. Their needs in 1972 were not stated.

In order to show a basis for the modification of a previous order for the payment of child support, the evidence must show that there has been such a material change in circumstances that the best interests of the child require such a modification. Walters v. Walters, 177 Neb. 731, 131 N. W. 2d 166; Gray v. Gray, 192 Neb. 392, 220 N. W. 2d 542. The evidence summarized above is insufficient to show the circumstances as they existed in 1972, and the extent to which such circumstances had changed by 1977. It is entirely conjectural whether the best interests of the children required a change in the provisions for their support or whether the appellant could or should be required to pay a larger amount for such support.

In determining an amount of child support, either in the first instance or by modification, considera-

tion must be given to the status, situation, and character of the parties; the anticipated needs of the children; and the financial position and ability of both parents. Breiner v. Breiner, 195 Neb. 143, 236 N. W. 2d 846. The court should consider the circumstances and exercise its discretion reasonably in view thereof; there is no mathematical formula for the calculation of an appropriate amount of support. Hupke v. Hupke, 195 Neb. 363, 238 N. W. 2d 229. When the future needs of the children involve nonrecurring items or charges not susceptible of accurate advance estimation, such as some medical expenses, the trial court may, in its discretion, direct that such items be paid by a parent when and if they are incurred. Berigan v. Berigan, 194 Neb. 185, 231 N. W. 2d 131. The evidence in this record fails to show the necessary circumstances, particularly with reference to the situation of each of the parties. A trial court should not be required to speculate in fixing amounts of child support.

The modification order is reversed as to the provisions for the payment of child support and remanded with instructions to the trial court to allow both parties to offer evidence in addition to that introduced at previous hearings. The court will then determine whether a material change in circumstances, since the previous modification, and the best interests of the children require a further modification, and, if so, the amount thereof.

REVERSED AND REMANDED WITH INSTRUCTIONS.