JESSE I. BUKER, APPELLEE, v. MARDELL K. BUKER, APPELLANT.

288 N. W. 2d 732

Filed February 20, 1980. No. 42633.

Vickie G. Horton and Horton & Waggoner, for appellant.

Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before KRIVOSHA, C. J., BRODKEY, and HASTINGS, JJ., and REAGAN and NORTON, District Judges.

REAGAN, District Judge.

This is an action for dissolution of marriage. The wife brings this appeal from a decree dissolving the marriage, dividing the property of the parties, and making allowances for custody, support, and alimony.

A number of errors have been assigned, but they may be reduced essentially to the following: (1) Error in finding the property settlement not unconscionable; (2) error in awarding inadequate alimony; (3) error in awarding inadequate child support; and (4) error in failing to award attorney's fees. Prior to consideration of these error assignments, it may be helpful to outline how the case was disposed of in the lower court. We also point out appellant has different counsel on appeal than in the trial court.

The parties appeared for trial in the District Court with their respective counsel. Prior to commencement of the trial, extensive settlement discussions were evidently had which ultimately bore fruit. Trial was commenced approximately 3 hours after the time originally set. Mr. Buker was sworn and

testified concerning the existence of the marriage, residence, children, the marital breakdown, and, very briefly, as to property he owned before the marriage, property acquired during the marriage, and his employment. The trial judge then announced from the bench his understanding of the agreement reached by the parties, and questioned Mr. Buker as to whether it was correct and if it was his agreement. Mr. Buker expressed some reservations about a provision of the agreement requiring him to maintain certain levels of life insurance for the children's benefit. The trial judge stated the proceeding was not for the purpose of negotiations, the parties either had reached an agreement or they had not; and if it was the latter, all issues would be decided by the court. A brief recess was taken, after which Mr. Buker acknowledged that the judge's recitation was his voluntary agreement. In response to a direct question, Mrs. Buker also acknowledged it as her voluntary agreement. The court then found the agreement not unconscionable and approved the provisions relating to child custody and support. The trial judge then announced that each party should pay his or her own attorney's fees inasmuch as the marital estate had been equally divided, and directed a decree be prepared incorporating the findings and order. Such a decree was subsequently entered.

Before considering specific assignments of error, we point out that a judgment of a District Court is supported by a presumption of correctness, and it is the appellant's duty to present and show by the record the judgment is erroneous. Peterson v. George, 168 Neb. 571, 96 N. W. 2d 627 (1959). Appellant has urged we look to her affidavit of financial condition filed with the clerk of the District Court and contained in the transcript. But that affidavit was never marked, offered, or otherwise made a part of the bill of exceptions, and may not be properly con-

sidered in disposing of issues presented by this appeal. Frye v. Frye, 158 Neb. 694, 64 N. W. 2d 468 (1954); Brierly v. Federated Finance Co., 168 Neb. 725, 97 N. W. 2d 253 (1959); Peterson v. George, *supra*.

We now look at error assignments (2) through (4). In making determinations of alimony, child support, and attorney's fees, trial courts look to the circumstances, status, and situation of the parties, needs and costs of raising the children, division of the property, income and/or earning capacity of each party, general equities of the situation, and all other attendant circumstances that may be relevant to the disposition of those issues. Gregg v. Gregg, 193 Neb. 811, 229 N. W. 2d 546 (1975); Hermance v. Hermance, 194 Neb. 720, 235 N. W. 2d 231 (1975); Lynch v. Lynch, 195 Neb. 804, 241 N. W. 2d 123 (1976); White v. White, 202 Neb. 199, 274 N. W. 2d 546 (1979); Tilden v. Tilden, 202 Neb. 226, 274 N. W. 2d 860 (1979); Campbell v. Campbell, 202 Neb. 575, 276 N. W. 2d 220 (1979). With respect to each of these determinations, this court is required to review de novo the evidence presented in the record. But the only evidence presented here is the brief testimony of Mr. Buker, alluded to earlier in this opinion. The portion of that testimony relevant to these determinations showed a 9-year marriage; three children, ages 7, 5, and nearly 2; a steady employment with an annual income of $27,000; some personal property, including two automobiles; and a family residence which was purchased at least in part from proceeds from a residence owned by appellee at the time of the marriage. Mrs. Buker received alimony in gross of $14,000, an automobile, personal property, and child support of $175 per month per child. Mr. Buker was also required to pay the family indebtedness, provide health and accident insurance for the children, and maintain existing levels of insurance on his life for the benefit of the children. The record

is totally devoid of evidence pertaining to the value of the real or personal property, appellant's income or her earning capacity, or the needs or costs of raising the children. Recognizing the presumption of correctness and the appellant's duty to present an adequate record for review, we have no basis upon which to disturb the findings of the trial court. The situation is similar to Hanson v. Hanson, 198 Neb. 675, 254 N. W. 2d 699 (1977). In that case the wife had appealed a child support award on the basis of inadequacy. There was no bill of exceptions, and this court affirmed, stating in part: "Any assignment of error which requires an examination of the evidence cannot prevail on appeal in the absence of a bill of exceptions."

Most, if not all, of the preceding discussion is applicable to and disposes of appellant's first error assignment, but one additional claim is made which we address. Section 42-366, R. R. S. 1943, subsection (2), provides as follows: "In a proceeding for dissolution of marriage or for legal separation, the terms of the agreement, except terms providing for the support and custody of minor children, shall be binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion *or on request of the court*, that the agreement is unconscionable." (Emphasis supplied.) Appellant claims each trial judge has an affirmative duty to produce evidence relating to the economic circumstances of the parties to determine whether a proposed settlement meets the statutory test of conscionability. We reject that contention. The statute properly, and without ambiguity, vests discretion in the trial court to request the parties to produce this evidence. It is the duty of the parties and their counsel to produce evidence on the issues before the court, and to place this duty on the trial judge would overstep the bounds of judicial pro-

priety. Simon v. Omaha P. P. Dist., 189 Neb. 183, 202 N. W. 2d 157 (1972).

We find the judgment of the District Court should be affirmed.

AFFIRMED.