JOYCE HALE, APPELLEE, V. ALAN HALE, APPELLANT.

290 N. W. 2d 465

Filed April 1, 1980. No. 42703.

Paul E. Watts and Gerald E. Moran, for appellant.

Sally Millett Rau of Walsh, Walentine & Miles, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is an appeal by the respondent from an order denying his application for a reduction in child support payments.

The marriage of the parties was dissolved on February 3, 1976, at which time the court ordered the respondent to pay alimony of $160 per month and child support of $40 per week for each of the couple's two minor children. On May 25, 1977, upon a joint application of the parties, the decree was modified to eliminate the respondent's alimony obligations after April 1, 1977.

On June 20, 1978, the respondent filed this application for an additional modification of the decree in order to reduce his child support obligation to $100 per month per child. In a reciprocal support act proceeding in Minnesota the respondent had been ordered to pay $100 per month per child from April 1, 1978.

The respondent alleged there had been a material change in circumstances because his income has been reduced since the date of the decree. The trial court found that there had not been a sufficient change in circumstances to justify a modification in the amount of child support and dismissed the application.

In 1975, prior to the dissolution, the respondent's income was $14,229.79. In 1978, his income was approximately $10,812. The respondent contends the decrease in his annual income was a substantial change in circumstances, and that his financial position and ability to meet his support obligations were not adequately considered by the District Court.

Both petitioner and respondent have remarried. The respondent's wife has an annual income of $7,068, plus child support which she receives for the child of her previous marriage. The petitioner is not currently employed but stays at home to care for the infant child of her second marriage. Her hus-

band earns $11,000 to $12,000 annually.

In determining whether a modification of child support is warranted, the circumstances of the parent as well as those of the children must be considered. Bruckner v. Bruckner, 201 Neb. 774, 272 N. W. 2d 270 (1978). It is not advantageous to either party to place the payments for child support beyond the reach or capacity of the father. Bird v. Bird, *ante* p. 619, 288 N. W. 2d 747 (1980).

The decrease in the annual income of the respondent from $14,229.79 to $10,812 was a material change in circumstances. His present child support obligations amount to $4,160 per year, or approximately 40 percent of his current annual income.

As we view the record, the respondent's ability to pay child support does not exceed the sum of $125 per month per child. The decree of dissolution is therefore modified to provide child support of $125 per month per child.

The petitioner is allowed $350 for the services of her attorney in this court.

JUDGMENT MODIFIED.