DIANE L. SOUKUP, APPELLEE, V.
GLEN SOUKUP, APPELLANT.

305 N.W.2d 372

Filed May 1, 1981. No. 43361.

Duane L. Nelson for appellant.

Badami & Radke for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, BROD-KEY, and WHITE, JJ.

McCOWN, J.

This is a proceeding for modification of a decree of dissolution of marriage as to custody and child support. The District Court denied the husband's application for change of custody of the minor child and granted the wife's request for removal of certain conditions imposed in the decree and also an increase in child support. The husband has appealed.

On December 2, 1976, the marriage of the parties was dissolved. The decree placed the care, custody, and control of Nicholle, the minor child, born January 15, 1971, in the wife, subject to reasonable visitation by the husband, and subject to the following conditions: (a) The juvenile probation department was to strictly supervise the custody and have the right to visit the home at all reasonable times; (b) When the wife was not present the

minor child was to be under adult supervision; and (c) There were not to be any adult male visitors in the home after 11 p.m. if the minor child was on the premises. The decree also awarded the wife $175 per month for support of the minor child.

Following the entry of the decree the juvenile probation department supervised the custody of the minor child and visited the home as provided in the decree. In July 1977 the wife remarried, and thereafter the wife and her present husband and the minor child lived together and the juvenile probation department continued to supervise the custody of the minor child and continued to visit the home.

On December 13, 1978, the wife filed an application to modify the decree by removing the three specific conditions. The application alleged the remarriage of the wife and that that remarriage had made the third condition inapplicable and had also removed any necessity for the other conditions. The former husband filed a response resisting the wife's motion and also sought modification of the decree by changing custody of the minor child from the wife to the husband and eliminating the provision for child support. The wife filed her response to the husband's motion to change custody, denying the husband's allegations and seeking to increase the amount of child support.

In late January and early February 1980 hearings were held on the respective motions, applications, and responses. The evidence of the juvenile probation officers who had supervised the custody of the minor child was that the wife was a fit and proper person to have custody, that the child was being properly cared for, and the home was suitable and proper. In October 1978 the juvenile probation department recommended that supervision be terminated and the wife's application to terminate the conditions followed.

The former husband and his brother-in-law testified that through continued surveillance by them of the wife and her current husband they had observed him

leaving the home on several occasions after 11 p.m., although there was no evidence that the minor child was in the home at the time. There was an attempt to introduce evidence as to the wife's conduct prior to the entry of the original decree, which the court quite properly excluded.

The husband also attempted to establish that the wife's conduct at home created an unsatisfactory atmosphere for the child. Much of the evidence tendered was inadmissible, objected to, and properly excluded.

On February 5, 1980, the trial court entered its order modifying paragraph 2 of the decree of dissolution by deleting subparagraphs a, b, and c; found that the wife was a fit and proper parent and that care, custody, and control of the minor child should remain with her, subject to reasonable rights of visitation by the husband; and ordered that child support payments be increased from $175 to $225 per month. The District Court taxed the costs of the action to the husband and directed that the parties should pay their own attorney fees. The husband has appealed.

The husband contends that the District Court erred in refusing to change the custody of the minor child from the wife to the husband. A decree fixing custody of minor children will not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action. The determination of the trial court with respect to changing the custody of minor children will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. *Murdoch v. Murdoch,* 206 Neb. 327, 292 N.W.2d 795 (1980); *Kringel v. Kringel,* 207 Neb. 241, 298 N.W.2d 150 (1980).

In the determination of custody and visitation matters the principal concern is the best interests of the children. On the evidence in this record there can be little

doubt that the evidence fully supports the action of the trial court in deleting the former conditions as to custody and in refusing to change the custody of the minor child. There was no abuse of discretion in that regard.

The husband also contends that the evidence was wholly insufficient to establish a substantial change in financial circumstances of the parties since the date of the original decree of dissolution sufficient to warrant an increase in child support. This court has consistently held that a decree fixing child support payments is not subject to modification in the absence of a material change in circumstances occurring subsequent to the entry of the decree requiring modifications in the best interests of the children. *White v. White*, 202 Neb. 199, 274 N.W.2d 546 (1979). In determining whether a modification of child support is warranted, the circumstances of the parents as well as those of the children must be considered. *Bruckner v. Bruckner*, 201 Neb. 774, 272 N.W.2d 270 (1978).

The only evidence offered in the present case tends to establish that neither the husband nor the wife has experienced a substantial change in financial circumstances since the date of entry of the original decree. To the extent there has been a change in circumstances, the husband's financial position and income is somewhat less than it was at the time of the decree and the wife's income and financial resources are greater than they were at the time of the original decree. The only fact which could arguably support an increase in child support was the acknowledged fact of inflation. Inflation operates equally upon the husband, the wife, and the child. The evidence in this case is insufficient to establish materially changed circumstances requiring an increase in child support.

That portion of the decree of the District Court which deleted subparagraphs a, b, and c of paragraph 2 and left the care, custody, and control of the minor child in the wife subject to reasonable rights of visitation by

the husband is affirmed. That portion of the decree which increased the child support payments to $225 per month is vacated and the original sum of $175 per month is reinstated. The parties shall pay their own costs and attorney fees.

AFFIRMED AS MODIFIED.