EDWARD DEAN BETZER, APPELLEE, V.
SUSAN GAIL BETZER, APPELLANT.

310 N.W.2d 707

Filed October 9, 1981. No. 44010.

Thomas J. Young for appellant.

Whitmore, Gilroy & Stortz, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

The respondent, Susan Betzer Catania, has appealed from an order of the District Court modifying a marriage dissolution decree of March 29, 1979. The modified decree took the custody of the parties' 9-year-old daughter Jennifer from the mother and placed it in Edward Betzer, the father and petitioner. The respondent contends that there were insufficient circumstances to warrant a change of custody, that the father was not a fit person to have the custody and control of the child, and that the change of custody was not in the best interests of Jennifer. We affirm.

From the date of the original decree until the hearing on the modification in August and October of 1980, Jennifer spent the summers with her father and the rest of the time with her mother. During that period of time, Susan lived with three different men, becoming romantically involved with two of them, and moved from Omaha to Lisle, Illinois, to Statesboro, Georgia, to Omaha, and finally to Nederland, Colorado. In the meantime, Edward remained in Omaha where he continued to work for Western Electric in a position which he had held for 11 years. During a portion of that time up to the time of the last hearing, his fiancee resided with him in the family home.

As the trial judge observed, neither parent "would

win a moral prize." However, he also pointed out that Susan had moved to six different places in a little over a year and a half, and he obviously concluded that the father offered a more stable environment, suitable to the best interests of the child. We agree. The determination of the trial judge with respect to changing custody of a child ordinarily will not be disturbed unless there has been a clear abuse of discretion or the decision is against the weight of the evidence. *Soukup v. Soukup,* 208 Neb. 672, 305 N.W.2d 372 (1981).

The judgment of the District Court is affirmed.

AFFIRMED.