GAY L. ROBERTSON, APPELLANT, V. JERRY DAVID ROBERTSON, APPELLEE, JAMES ROBERTSON AND AUDREY ROBERTSON, INTERVENORS-APPELLEES.

350 N.W.2d 576

Filed June 29, 1984.  No. 83-813.

Knudsen, Berkheimer, Richardson & Endacott, for appellant.

John F. Wright of Wright, Simmons & Selzer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

This is a modification proceeding in a child custody dispute wherein the mother, Gay L. Robertson, appeals from the order of the trial court placing custody of the parties' minor child with the father, Jerry David Robertson, and continuing the mother's existing visitation schedule.

On April 2, 1982, the marriage of the parties was dissolved. Upon a finding that each parent was unfit to have the care, custody, and control of Christopher Robertson, born on March 23, 1979, such was placed jointly in and with the court and Christopher's paternal grandparents, James Robertson and Audrey Robertson, who were party intervenors. The evidence establishes that the grandparents have performed well their custodial duties toward Christopher.

The mother claims that the trial court erred in (1) finding she was not a credible witness, (2) failing to find a substantial change in circumstances with respect to her and in finding such with respect to the

father, (3) finding that the father was a fit and proper person to have the care, custody, and control of the child, (4) finding that placing the child's care, custody, and control with the father served the child's best interests, and (5) continuing the mother's limited visitation schedule. We affirm.

On March 3, 1983, the mother filed a petition to modify the custody award of the divorce decree, asking the district court to find her a fit person to raise the child, award her the care, custody, and control of the child, and assess child support obligations against the father. The intervenors answered, denying a change of circumstances. The father answered, denying the allegations of the mother's petition, and he filed a petition seeking the child's custody.

At trial each parent introduced evidence. The trial court found that the mother's testimony "is not credible"; that a material change of circumstances had occurred; that the father had shown himself to be a fit person to have the care and custody of the child; and, accordingly, awarded custody to him. The court continued the same visitation provisions of the initial decree, granting the mother visitation rights on the first and third weekends of each month.

> A decree fixing custody of minor children will not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action. . . .

> In the determination of custody and visitation matters the principal concern is the best interests of the children.

*Soukup v. Soukup*, 208 Neb. 672, 674, 305 N.W.2d 372, 374 (1981).

> On appeal of the trial court's determination as to whether such a change in circumstances has occurred which justifies the modification of a prior child custody order . . . this court must re-

view the record de novo and make independent conclusions of fact without reference to the conclusion reached by the trial court[.] [W]here evidence is in conflict, this court will give weight to the fact that the trial court observed the witnesses and has accepted one version of the facts rather than the opposite.

(Syllabus of the court.) *Krohn v. Krohn, ante* p. 158, 347 N.W.2d 869 (1984).

Appellant initially contends that the trial court abused its discretion by finding her testimony not credible. The court's reasons for this finding are not shown; however, the record does show one instance when the question of her worthiness of belief was presented: when she admitted at trial that she lied under oath while being deposed in preparation for trial. In her deposition she said that she had not been drinking on the night she drove an automobile off the road, and luckily escaped serious injury. At trial she admitted, upon questioning by her own attorney, that she had consumed one glass of beer prior to the accident. She claimed that her earlier denial was prompted by the belief that she was not under the influence of alcohol and her fear that such an admission would be "blown completely out of proportion because of this custody suit." A part of the reasons leading the court, in its initial decree, to find the mother unfit was her abuse of alcohol and other intoxicants and her conduct toward the child when she was under such influence. We find neither error nor abuse of discretion by the court's finding on credibility. Further, our independent findings of fact include the weight and credibility of the evidence.

There is corroborated evidence that the mother now has adequate housing for the child; that she is an active and sincere member of a church; that she has successfully completed a parenting class; and that she continues to be steadily employed. Such evidence shows a change of her circumstances and

supports our finding of fitness; however, the question still remains whether the best interests of the child require the placement of the care, custody, and control of the child with her.

This inquiry leads us to consider other errors assigned by the mother, which question the trial court's finding that the father had shown a change of circumstances establishing that he is now a fit person to have, and that the child's best interests require, custody placed in him.

The father presented evidence that he has been recalled to work by Burlington Northern, where he earns $11.90 an hour. He rents a rural home with plenty of room to play. He has made arrangements for the child's care while he works. He appears to have a good relationship with the child, and he now is free of the desire to frequent taverns. The child's placement with his father undoubtedly will result in his having substantial contact with his grandparents, who have cared for him while his parents have attempted to straighten out their lives.

The evidence shows that there has been a change of circumstances on the part of both parties. They have made substantial efforts to arrange their lives so that they can more competently fulfill their parental duties. They are both fit parents to have the care and custody of their child. On the other hand, the parties have shown their inability or unwillingness to jointly execute those duties, leading to the result that one or the other must be given primary responsibility for the child's care. We think the trial court's determination that the child's best interests require that his custody be placed with the father is the correct one.

Terms and conditions of visitation are continually before trial courts for modification and review to promote the best interests of the child and to nurture the parent-child relationship. Although there is favorable evidence here supporting the mother's application to expand her visitations, we cannot say

that the failure of the court to do so was a clear abuse of its discretion against the weight of the evidence.

AFFIRMED.