NEBRASKA CITY EDUCATION ASSOCIATION, AN UNINCORPORATED ASSOCIATION, APPELLEE, V. SCHOOL DISTRICT OF NEBRASKA CITY, IN THE COUNTY OF OTOE, IN THE STATE OF NEBRASKA, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT.

267 N. W. 2d 530

Filed July 5, 1978. No. 41583.

Hoch & Steinheider, for appellant.

Theodore L. Kessner of Crosby, Guenzel, Davis, Kessner & Kuester, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ.

WHITE, C. J.

Appellee Nebraska City Education Association filed a petition on September 9, 1976, with the Court of Industrial Relations, requesting that the court resolve an industrial dispute and establish wages and other terms of employment. A hearing was held on November 29, 1976, and an order entered by the court on July 1, 1977. Defendant School District of Nebraska City appeals from that order. We affirm the order of the Court of Industrial Relations.

In its order the Court of Industrial Relations set a base salary level of $8,325 and determined other benefits. In arriving at these determinations, the court used an array of school districts which it deemed comparable to appellant. In ascertaining the comparable school districts, the court looked to enrollment, athletic relationship, geographic proximity, general cooperation, and community of interest.

At the hearing, the school district presented testimony from a member of the board of education and from the superintendent of the school district concerning the tax consequences of the proposed salary increases. Also introduced into evidence by appellant was exhibit 12, a compilation of financial information from appellant and seven other school districts which it deemed comparable, showing valuation per pupil for 1975-76, and the general levy for 1975-76. Appellant contends that the Court of Industrial Relations erred in refusing to consider evidence of the appellant's ability to finance the teacher pay package.

Concerning this evidence, the Court of Industrial Relations, in its order, stated: "As has been previously stated by this Court, Fremont Educ. Assoc. v. School Dist., 1 CIR 50-1, 14 (1972), a school district's 'ability to pay' is of vital concern, but this Court is not the proper forum under present law to consider that factor. Thus we feel compelled to reject de-

fendant's contention that such be considered. Rather we follow the holding in Nehawka Educ. Assoc. v. School Dist., 2 CIR 65-1 (1973), that, '[C]onsiderations as to the results that this Court's decision may have on the tax valuation and the mill levy are beyond the statutory authority of this Court.' "

Section 48-818, R. R. S. 1943, in relevant part provides: "* * * the Court of Industrial Relations *shall* establish rates of pay and conditions of employment which are *comparable* to the *prevalent wage rates paid* and *conditions of employment maintained for the same or similar work of workers exhibiting like or similar skills under the same or similar working conditions.* In establishing wage rates the court shall take into consideration the overall compensation presently received by the employees, having regard not only to wages for time actually worked but also to wages for time not worked, including vacations, holidays, and other excused time, and all benefits received, including insurance and pensions, and the continuity and stability of employment enjoyed by the employees." (Emphasis supplied.)

In Crete Education Assn. v. School Dist. of Crete, 193 Neb. 245, 226 N. W. 2d 752 (1975), we stated: "* * * section 48-818, R. R. S. 1943, further refines the definition of 'comparable' and specifies certain items to be considered in determining comparability under that section. The definition as set forth in the above section is, of course, controlling." In Bank of Gering v. Glover, 192 Neb. 575, 223 N. W. 2d 56 (1974), we observed that "unless the context indicates otherwise, the use of the word 'shall' purports a mandatory obligation."

Appellant's contention is without merit. Section 48-818, R. R. S. 1943, states specifically those factors which the Court of Industrial Relations shall look to when establishing wage rates and conditions of employment in disputes before it. Section 48-818, R. R. S. 1943, makes no mention of or reference to the

school district's "ability to pay."

The maxim "expressio unius est exclusio alterius" is applicable here. "* * * where a statute or ordinance enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned, unless the legislative body has plainly indicated a contrary purpose or intention." Starman v. Shirley, 162 Neb. 613, 76 N. W. 2d 749 (1956). See, also, Harrington v. Grieser, 154 Neb. 685, 48 N. W. 2d 753 (1951); Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409 (1952). Had the Legislature wanted the Court of Industrial Relations to consider factors such as "ability to pay," when setting wage rates and conditions of employment it would have specifically provided therefor. We cannot rewrite the statute under the guise of interpretation. As we observed in School Dist. of Seward Education Assn. v. School Dist. of Seward, 188 Neb. 772, 199 N. W. 2d 752 (1972), " '* * * defendant is making his contentions in the wrong forum. They might appropriately be addressed to the Nebraska Legislature * * *.' "

The order of the Court of Industrial Relations is correct and is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.

SPENCER, J., dissenting.

I am in total disagreement with the holding that a school district's ability to pay is not an issue which can be raised before the Court of Industrial Relations. In my judgment the school district's ability to pay is of vital concern and its consideration of the issue is inherent in the act itself.

It is apparent to me that to pass constitutional muster the act must be so construed. The power to tax is the power to destroy. The Court of Industrial Relations by this decision is given the power to require taxation beyond the ability of the district to

pay. It can even ignore maximum levy limits if any such exist. We have held the Legislature may destroy a school district. We now hold the Court of Industrial Relations has that legislative authority.

To brush off the contention that because section 48-818, R. R. S. 1943, makes no mention or reference to the school district's ability to pay, indicates that the Legislature did not intend the Court of Industrial Relations to consider it as a factor, is in my judgment a "copout."

Section 48-818, R. R. S. 1943, says nothing about enrollment, athletic relationship, community of interest, geographic location, or general cooperation, or other considerations which have been adopted by the Court of Industrial Relations as guidelines. Certainly, ability to pay is a much more important criteria than those now being considered by the Court of Industrial Relations.

In spite of the thrust of the majority opinion to the contrary, I believe this court has heretofore recognized the obligation of the Court of Industrial Relations to consider ability to pay. In Lincoln Fire Fighters Assn. v. City of Lincoln, 198 Neb. 174, 252 N. W. 2d 607 (1977), we said: "We hold that in determining prevalent wage rates for comparable services in reasonably similar labor markets, the Court of Industrial Relations is required to weigh, compare, and adjust for any economic dissimilarities shown to exist which have a bearing on prevalent wage rates."

It is time we recognize that sweeping with a broad brush, as we have been doing in these cases, is not only permitting the Court of Industrial Relations to legislate, but also permitting it to become the court of last resort in these cases. This case should be remanded to the Court of Industrial Relations for reconsideration in light of our holding in Lincoln Fire Fighters Assn. v. City of Lincoln, *supra.*