REQUESTED BY: Cynthia H. Milligan, Director of the Department of Banking and Finance
Does Neb.Rev.Stat. § 8-903 (1986 Cum.Supp.) prohibit certain bank holding companies from forming a new bank in this state?
No.
For purposes of this opinion the following facts have been assumed to exist. After the formation of a new bank by a bank holding company, all of the banks owned or controlled by that bank holding company would not have deposits greater than an amount equal to eleven percent of the total deposits of all banks in this state plus the total deposits, savings accounts, passbook accounts, and shares in savings and loan associations and building and loan associations in this state as determined by the Director of Banking and Finance on the basis of the most recent calendar year-end reports and the bank holding company would not own or control more than nine banks located in Nebraska.
The question discussed in this opinion relates to a particular portion of Neb.Rev.Stat. § 8-903 (1986 Cum.Supp.). It provides in part: ". . . A bank holding company, including an out-of-state bank holding company, may not acquire any bank which has been chartered by this state or the Comptroller of the Currency of the United States of America for less than five years. . . ."
The question that has been asked is whether an otherwise qualifying bank holding company can form a new bank although it would be prohibited from acquiring one that is less than five years old.
Neb.Rev.Stat. § 8-903 does specifically prohibit acquiring a bank that is less than five years old but contains no specific prohibition that would prevent a bank holding company from forming a new bank other than those limitations which are assumed for the purposes of this question not to apply. The Nebraska Supreme Court has said: ". . . where a statute or ordinance enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned, unless the legislative body has plainly indicated a contrary purpose or intention." Nebraska City Education Association v. School District of Nebraska City,201 Neb. 303, 306, 267 N.W.2d 530 (1978). Consequently, because the statute indicates that acquisition is prohibited but does not prohibit formation of a new bank such formation is not prohibited because it was not specifically restricted by the statute.
Additionally, part of the last sentence of §8-903 provides in part: "A bank holding company which acquires an institution or which forms a bank which acquires an institution under Sections 8-1506 to 8-1510 shall not have such acquisition or formation count against the total deposits limitation or bank acquisition limitation imposed by this section, nor shall such acquisition or formation be limited, restricted or disallowed by any other prohibition imposed by this section. . . ." Thus, in this part of the statute, the legislature recognizes the significance of the difference between the formation and acquisition of banks. The Nebraska Supreme Court has said: "A word or phrase repeated in a statute will bear the same meaning throughout the statute, unless a different intention appears." Behrens v. State, 140 Neb. 671, 677, 1 N.W.2d 289 (1941). Thus, at the end of § 8-903 the use of the word acquisition is distinguished from the use of the word formation. To be consistent within the statute, it is appropriate to give deference to this distinction by limiting the meaning of the word acquisition to the act of acquiring an existing bank rather than also to the formation of a new bank.
Additionally, as is indicated in the quoted language from the statute set forth in the preceding paragraph, a bank holding company which acquires an institution or which forms a bank which acquires an institution under § § 8-1506 to 1510 shall not have such acquisition or formation count against the limitations specified in the statute. By implication, a bank holding company which forms a bank that does not qualify under § 8-1506
to 1510 shall have such formation count against the limitations specified in this statute. Thus, the statute implicitly recognizes that bank holding companies can form new banks and that such formations will count against the limitations unless the specified exceptions apply.
Neb.Rev.Stat. § 8-903 (1986 Cum.Supp.) does not by its terms expressly permit the formation of a new bank by a bank holding company, but by implication it appears that such formation is authorized so long as the limitations set forth within the statute are met.
Sincerely,
ROBERT M. SPIRE Attorney General
LeRoy W. Sievers Assistant Attorney General