REQUESTED BY: Senator Douglas A. Kristensen Nebraska State Legislature
You have requested our opinion as to whether Neb. Rev. Stat. § 79-2201.01 (1987) vests an educational service unit ["ESU"] with the implied authority to sell real estate. The statute provides that
 [i]n order to carry out [the role and mission imposed by statute], educational service units may purchase, lease, or lease-purchase real estate, equipment, supplies, and personal property for their own use. Educational service units may . . . purchase, lease, lease-purchase, or act as purchase agent for administrative and instructional supplies, instructional equipment, and personal property for resale only to school districts and state colleges within the territorial boundaries of any educational service unit.
Neb. Rev. Stat. § 79-2201.01 (1987) (emphasis added).
Two canons of statutory construction direct our analysis. First, "[i]n the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged in to ascertain their meaning." State on behalf of Matchett v. Dunkle,244 Neb. 639, 643, ___ N.W.2d ___ (1993). Second, "[t]he maximum `expressio unius est exclusio alterius' is applicable here."Nebraska City Education Assn. v. School Dist. of Nebraska City,201 Neb. 303, 306, 267 N.W.2d 530, 532 (1978). Under that principle, "where a statute or ordinance enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned, unless the legislative body has plainly indicated a contrary purpose or intention." Id. (quoting Starman v. Shirley,162 Neb. 613, 76 N.W.2d 749 (1956)); See also Curry v. State exrel. Stenberg, 242 Neb. 695, 496 N.W.2d 512 (1993); State Bd. ofAgriculture v. State Racing Commission, 239 Neb. 762,478 N.W.2d 270 (1992).
The language of Neb. Rev. Stat. § 79-2201.01 clearly and plainly authorizes an ESU to "purchase, lease, or lease-purchase real estate." We recognize the principle that restrictions upon the free alienability of real property should rarely be imposed. Therefore, it seems impractical to authorize an ESU to purchase real estate but not authorize the ESU to dispose of the property by resale. A technical reading of the statute, however, leads us to conclude that the Legislature has not authorized an ESU to sell real property under Neb. Rev. Stat. § 79-2201.01.
Our reasoning in reaching that conclusion is based upon several observations. First, had the Legislature intended to authorize ESU's to sell real property, it could have easily granted such power by inserting the word "sell" in the statute. The Legislature has, on many occasions authorized other public entities to sell property which they acquire. For example, you note that pursuant to Neb. Rev. Stat. § 79-401 (Cum. Supp. 1992), school districts "may purchase, hold, and sell such . . . real estate as the law allows."
Also, in many instances where the Legislature has vested a public body with the power to sell real property, various restrictions have been placed upon that power. In Neb. Rev. Stat. § 79-521 (Supp. 1993), the Legislature has directed that "[n]o school property of any kind belonging to any Class II, III, IV, or VI school district shall be sold by the board of education except at a regular meeting of the same and with an affirmative recorded vote of at least two-thirds of all members of the board." The statute further directs how proceeds of the property sale may be utilized by the school district. Id. In another statute, the Legislature has provided that in a Class VI school district, "[n]o transfer of property from an accredited school district to a nonaccredited school district of any class shall be permitted [except as specifically provided]." Neb. Rev. Stat. § 79-1108 (1987). Another example of requirements imposed upon the sale of school property is set forth in Neb. Rev. Stat. § 79-507 (1987), which mandates that fifty-five percent of the qualified voters of a Class I or Class II school district must approve the sale of any schoolhouse, site, building or other property belonging to the district.
Given that the Legislature could have easily included the term "sell" in Neb. Rev. Stat. § 79-2201.01, that other public entities have been vested with the express power to sell real property in several other statutes, and that, in many instances, the Legislature has imposed requirements upon a public entity's ability to sell real property, we conclude that an implied power to sell real estate cannot be vested in educational service units under current law.
Sincerely yours,
 DON STENBERG Attorney General
 Lauren L. Hill Assistant Attorney General
cc. Patrick J. O'Donnell Clerk of the Legislature
Approved by:
Don Stenberg 
Attorney General