REQUESTED BY: Allen Curtis, Director Nebraska Commission on Law Enforcement and Criminal Justice
You have requested the opinion of this office regarding whether a claim submitted under the Crime Victim's Reparations Act, §§ 81-1801 to 81-1841 (1994 and Cum. Supp. 1996) ("the Act") is eligible for compensation when the victim is killed as a result of an automobile accident, but the drivers of the vehicles involved in the accident causing the victim's death are not charged with a violation specified in Neb. Rev. Stat. §81-1822. It is our opinion that when the driver or drivers of vehicles involved in a motor vehicle accident causing a person's death are not charged with a violation specified in Neb. Rev. Stat. § 81-1822(4), claims for compensation from injuries or death caused by the accident are not eligible for compensation under the Act.
In your opinion request, you described the following factual background. You explained that On January 9, 1997, a vehicle driven by Kristopher Spencer was traveling southbound on southwest 56th street. Paul Childers was a passenger in the vehicle driven by Mr. Spencer. Mr. Spencer failed to stop at a stop sign at the intersection of southwest 56th and West Denton Road. Mr. Spencer's vehicle was struck on the passenger side by another vehicle traveling through the intersection. Mr. Childers died at the scene of the accident.
The police report received by the Crime Commission included statements from the victim's wife that Mr. Spencer had been drinking before leaving the Childers' home. The firefighter who attended to Mr. Childers at the accident scene stated that he saw empty beer cans in the interior of the vehicle and could smell a strong odor of alcohol. The police report also included a copy of the Post Arrest Chemical Test Advisement for Mr. Spencer, stating that he was under arrest for operating a motor vehicle while under the influence of alcoholic liquor or drugs. Evidently Mr. Spencer was unable to sign the form. Mr. Spencer was ticketed for driving with a suspended license and was later charged with motor vehicle homicide. Although Mr. Spencer was initially arrested for driving under the influence of alcohol, he was never charged with this offense. You informed us that the police report indicated the other driver appeared normal, and was neither arrested nor charged with driving under the influence of alcohol or drugs.
Mr. Childers' wife submitted a claim for compensation with the Crime Victim's Reparations Committee ("CVR Committee"). The hearing officer denied the claim because the victim was not free from culpability, pursuant to Neb. Rev. Stat. § 81-1816 and Title 80, Nebraska Administrative Code ("NAC"), Chapter 1, § 008 and Chapter 4, § 005. Subsequent to the hearing officer's decision, the CVR Committee received the blood alcohol content reports on Mr. Spencer and Mr. Childers. Mr. Childers' BAC was reported at .141, while Mr. Spencer's was .037. The claimant appealed the hearing officer's decision to the CVR Committee. The hearing was conducted on January 29, 1998. At the hearing, the applicant's attorney argued that § 81-1822(4) only applies when a victim is injured, not when he or she is killed. He urged that Mrs. Childers is therefore eligible to receive compensation. The CVR Committee denied the claim, finding that it was not eligible for compensation.
The Act provides for the compensation of victims of crimes committed in Nebraska, or when Nebraska residents are the victims of crimes while traveling outside Nebraska. Your opinion request centers on the provisions in § 81-1822(4). This statute specifies circumstances when compensation shall not be awarded. Section 81-1822(4) states:
81-1822. Compensation; situations when not awarded. No compensation shall be awarded:
. . . .
 (4) If the victim is injured as a result of the operation of a motor vehicle, boat, or airplane (a) unless the vehicle was used in a deliberate attempt to injure or kill the victim, (b) unless the operator is charged with a violation of section 60-6,196 or 60-6,197, or a city or village ordinance enacted in conformance with either of such sections, or (c) unless any chemical test of the operator's breath, blood, or urine indicates an alcohol concentration equal to or in excess of the limits prescribed in section 60-6,196. . . .
Neb. Rev. Stat. § 81-1822 (1994) (emphasis in original). Sections 60-6,196 and 60-6,197 pertain to driving under the influence of alcoholic liquor or drugs.
The language in § 81-1822 mandates that no compensation can be awarded for victims of motor vehicle accidents. The statute does provide for limited exceptions under which victims of motor vehicle accidents are eligible for compensation. With regard to injuries sustained from motor vehicles, the use of the word "unless" indicates that compensation is not normally intended for injuries sustained from the operation of motor vehicles. The circumstances provided in § 81-1822(4)(a), (b), and (c) are exceptions to that general rule. Compensation cannot be awarded in the absence of the criteria listed in §81-1822(4). When a statute specifies the object or method by which it is to operate, or forbids certain things, it is to be construed as excluding all other objects or methods not expressly mentioned. State v. Wragge, 246 Neb. 864, 867, 524 N.W.2d 54, 57
(1994); Nebraska City Education Ass'n v. School Dist. of NebraskaCity, 201 Neb. 303, 306, 267 N.W.2d 530, 532 (1978). Therefore, if the facts surrounding a claim for compensation do not demonstrate compliance with the criteria establishing an exception to the general rule, the CVR Committee is not authorized to pay compensation. See Op. Att'y Gen. No. I97-026.
The language in § 81-1822(4) indicates that the Legislature intended to compensate those persons injured in motor vehicle accidents only when the victim's injuries were the result of a person engaged in criminal activity. The criminal activities listed are the deliberate attempt to harm another person through use of a motor vehicle, or harming someone while engaged in driving under the influence of alcohol or drugs. The statutory language used indicates that injuries resulting from automobile accidents not involving those criminal activities are not entitled to compensation. See Op. Att'y Gen. No. I97-026.
We do not agree with the argument that § 81-1822(4) applies only when a person is injured, but not when a person is killed. Section 81-1822(4) begins by stating that no compensation shall be awarded "If the victim is injured as a result of the operation of a motor vehicle . . ." (emphasis added). On its face, § 81-1822(4) states only that it applies when a person is injured as a result of an accident, not when he or she is killed. However, § 81-1801 defines the term "victim." It states that "Victim shall mean a person who is injured or killed
as a result of conduct specified in section 81-1818." Neb. Rev. Stat. § 81-1801 (1994) (emphasis added). The plain language defining the term "victim," a term used in § 81-1822(4), indicates that both injuries and death are contemplated by the term "victim." The language in § 81-1822(4)(a) supports this conclusion. It states that compensation is allowed when a person uses a motor vehicle in "a deliberate attempt to injure or kill
the victim."
Section 81-1818, cited in § 18-1801, states:
 The committee or hearing officer may order the payment of compensation for personal injury or death which resulted from:
. . . .
 (2) The commission or attempt on the part of one other than the applicant of an unlawful criminal act committed or attempted in the State of Nebraska.
Neb. Rev. Stat. § 18-1818 (1994). The language in §81-1818, as with § 81-1801, indicates that the Act applies not only to claims for injuries caused by crime, but also to claims based on situations when an innocent person dies from injuries caused by criminal acts. There are also other instances in the Act where the Legislature does not create separate categories for those injured by crimes and those who die as a result of crimes. See § 81-1815, § 81-1819.
We now turn to whether a claim for compensation is eligible if a person is killed in a motor vehicle accident when the driver or drivers involved are not charged with driving under the influence of alcohol or drugs.
For a claim to be eligible for compensation for injuries sustained in a motor vehicle accident, the responsible driver or drivers must have either been charged with a violation of §60-6,196 or § 60-6,197 or a chemical test must indicate the driver had a blood alcohol concentration equal to or in excess of the limit established in § 60-6,196. See § 81-1822(4)(b) and (c). Section 60-6,196 pertains to driving under the influence of alcohol or drugs, while § 60-6,197 primarily deals with refusal to submit to a chemical test for the presence of alcohol or drugs. In the situation presented in your opinion request, neither driver was charged with a violation of § 60-6,196 or § 60-6,197. Likewise, neither driver was determined to have had a blood alcohol level in violation of the limit prescribed in § 60-6,196. In instances where there is no evidence that the actions of the drivers involved were an intentional attempt to harm the victim, and the other factors in § 18-1822(4) are not met, the facts indicate that the claim for reimbursement is not eligible for compensation.
It is our conclusion that, absent evidence of certain specified criminal activities, the Crime Victim's Reparations Act does not authorize compensation for persons injured or killed as a result of motor vehicle accidents. Compensation for injuries sustained due to the operation of motor vehicles is limited to those circumstances when the driver or drivers involved: 1) are found to have used the vehicle in a deliberate attempt to harm the victim, 2) are charged with a violation specified in §81-1822(4)(b), or 3) are found to have had a blood alcohol concentration in violation of § 60-6,196. Although we have not reviewed the entire record of evidence presented at the CVR Committee hearing, the facts presented in your opinion request support the conclusion of the CVR Committee to deny the claim for compensation. In situations where the blood alcohol concentrations of the drivers involved are not in violation of the levels set in § 60-6,196, and where the drivers involved are not charged with violations of 60-6,196 or 60-6,197 or an ordinance enacted thereunder, the CVR Committee lacks the statutory authority to award compensation. We also conclude that the provisions of § 81-1822(4) include situations where the victim is killed as result of injuries sustained in a motor vehicle accident.
Sincerely,
 DON STENBERG Attorney General
 Timothy J. Texel Assistant Attorney General
Approved:
Don Stenberg 
Attorney General